# EXHIBIT B

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-3
REMOTE APPLICATION

## naccess group.
**Application and Loan Agreement for Access Group® Private Loan Programs**

Access Group, Inc.
P.O. Box 17162
Wilmington, DE 19850-7162

**P** P.03.A

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties that may include fines or imprisonment under the United States Criminal Code.

### Borrower Information (Please complete all information in this section. If all information is not completed in full, processing of your Application and Loan Agreement may be delayed.)

| 1. Borrower Last Name | Borrower First Name | Borrower Middle Initial | 2. Borrower Social Security Number |
|---|---|---|---|
| GILANI | AMER | | ███ 6610 |

| 3. Borrower Date of Birth (MM/DD/YYYY) | 4. Driver's License Number (List two-letter state abbreviation first.) | 5. Citizenship status: (Check one.) | U.S. Citizen, National, or Eligible Noncitizen | International Student* *See Instructions. |
|---|---|---|---|---|
| ███ 1967 | State: TX  Number: ███ 0334 | | | XX |

**6. Permanent U.S. Address** (Neither an address outside the U.S. or U.S. Territories nor a P. O. Box is acceptable.)
Street 12820 N. LAMAR BLVD   #1927   City AUSTIN   State TX   Zip Code 78753

**7. Home Telephone Number** ( ███ ) ███-4312

**8. Current Mailing Address** (An address outside the U.S. or U.S. Territories is not acceptable.) If same as Permanent Address, write "same as above."
Street 12820 N. LAMAR BLVD   #1927   City AUSTIN   State TX   Zip Code 78753

**9. Current Telephone Number** ( ███ ) ███-4312

**10. E-mail Address** AMER_GILANI@YAHOO.COM

**11. Personal References** (Two separate adult references with different U.S. addresses are required – P. O. Boxes not accepted. Both references must be completed fully.)

A. Name SAMI  CHOUHAN
Address (Permanent) 133 LAMAR BLVD
City AUSTIN   State TX   Zip 78753
Telephone Number ███-4377

B. Name ARIF  KHAN
Address (Permanent) 6134 SUGAR LAKES
City SUGAR LAND   State TX   Zip 77083
Telephone Number ███-6477

| 12. Loan Amount Requested | 13. Are you also the student for whom this loan is requested? |
|---|---|
| $ 18,000.00 .00 | Yes, XX   No, ☐   If yes, skip fields 14 and 15.  I am the student. ☐ I am the sponsor. |

**14. Current Employer Information**
Company Name S & B Infra. Inc.   Telephone Number ███-6000
Address 1421 Wells Branch Parkway, Bldg 2   78660
City Austin   State TX   Zip Code

**15. Gross Monthly Income**
(You do not have to reveal alimony, child support, or separate maintenance income unless you wish it to be considered as a basis for repaying this obligation.)
$ .00

### Borrower Request for Loan, Promise to Pay, and Signature

PLEASE READ YOUR IMPORTANT NOTICES AND BORROWER CERTIFICATION, AND THE STATEMENT OF LOAN TERMS AND CONDITIONS IN THEIR ENTIRETY BEFORE SIGNING.

I request a loan from National City Bank (the "Lender") in the amount set forth as the "Loan Amount Requested" in field 12 above, under the loan program for which you determine me to be eligible based on the information I have provided (enrollment status, program of study, and citizenship status) in this Application and Loan Agreement (the "Application"). I have read and understand the Borrower Certification, the Important Notices, and the applicable Statement of Loan Terms and Conditions (the "Statement of Terms") which accompany (and are incorporated by this reference into) this Application. I declare under penalty of perjury that each of the statements in this Application and in the Borrower Certification is true, correct and complete. I agree to be bound by the Borrower Certification and by each of the terms and conditions of the Statement of Terms. I understand that an electronic copy and other terms of my loan will be described to me in a separate Disclosure Statement. I promise to pay, to the order of the Lender, the principal sum advanced to me or paid on my behalf, together with interest thereon and all other amounts provided for in the Statement of Terms. If you sign this documentation in Wisconsin: Notice to Customer (a) Do not sign this before you read the Important Notices and Borrower Certification and the accompanying Statement of Loan Terms and Conditions, even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.
CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

**16. Signature of Borrower** *(signed)*   **17. Date** 8-14-03

### Student Information (If the borrower is also the student, skip fields 18, 19, and 20. If the borrower is not the student, the student must complete all fields.)

| 18. Student Last Name | Student First Name | Student Middle Initial | 19. Student Social Security Number |
|---|---|---|---|
| GILANI | AMER | | ███ 6610 |

| 20. Student Date of Birth (MM/DD/YYYY) | 21. School Name |
|---|---|
| ███ 1967 | UNIVERSITY OF TEXAS AT AUSTIN   GRADUATE SCHOOL OF BUS. |

| 22. Enrollment period for which loan is requested (MM/YYYY) | 23. Enrollment Status |
|---|---|
| From: 08/31/200_  To: 05/31/2004 | At least half time XX   Less than half time ☐ |

**24. Check only one box to indicate the program for which you will be enrolled. List program of study code where requested. See instructions.**

| Dental ☐ | Law ☐ | Graduate Health ☐ _____ (Program Code) | Continuing Education/Certificate Program ☐ _____ (Program Code) |
|---|---|---|---|
| Graduate Business/MBA XX | Medical ☐ | Other Graduate/Professional ☐ _____ (Program Code) | Undergraduate ☐ _____ (Program Code) |

I authorize Access Group or any educational institution that I may attend to release to the Lender, subsequent holder, or their agents, and to the borrower identified on this application, any information pertinent to this loan (including information requested on this application as well as future information about my enrollment). If this loan (or any part thereof) is canceled, I agree to return any funds (or applicable part thereof) that have been disbursed to me.

**25. Signature of Student** *(signed)*   **26. Date** 8-14-03

### School Certification Section (To be completed by an authorized school official.)

| 27. School Name | 28. DOE School Code | DOE Branch Code | 29. Grade Level |
|---|---|---|---|
| UNIVERSITY OF TEXAS AT AUSTIN   GRADUATE SCHOOL OF BUS. | 003658 | | |

| 30. Loan Period (MM/DD/YYYY) | 31. Anticipated Graduation Date (MM/DD/YYYY) | 32. Certified Private Loan Amount |
|---|---|---|
| | | |

**33. Check only one box to indicate the program of study in which the student will be enrolled. If necessary, see School Certification instructions.**

| Dental ☐ | Law ☐ | Graduate Health ☐ | Continuing Education/Certificate Program ☐ |
|---|---|---|---|
| Graduate Business/MBA ☐ | Medical ☐ | Other Graduate/Professional ☐ | Undergraduate ☐ |

**34. Recommended Disbursement Date(s) (MM/DD/YYYY)**
1st _____   2nd _____   3rd _____   4th _____

**35. Recommended Disbursement Amount(s)**
1st $ _____ .00   2nd $ _____ .00   3rd $ _____ .00   4th $ _____ .00

My signature certifies that I am an authorized official of the institution listed in field 27 and I have read and agree to the "School Certification" and, based upon the records available to the institution listed in field 27, the information provided above is true and accurate to the best of my knowledge and belief.

**36. Signature of Authorized School Official** _____   **37. Date** _____

© 2002 Access Group, Inc. (revised 3/2003)   LENDER COPY   Access Group and the mortarboard logo are registered service marks of Access Group, Inc.

LENDER-00827-LY

# Important Notices and Borrower Certification

**Criminal Penalties 18 U.S.C. §1014**

Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of … any institution the accounts of which are insured by the Federal Deposit Insurance Corporation …, upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1 million or imprisoned not more than 30 years, or both.

**Borrower Authorization**

I authorize the Lender and Access Group, Inc. to investigate my creditworthiness and to obtain information from others concerning my credit standing and other relevant information affecting this application. I authorize the Lender or other subsequent holder of my loan and Access Group, Inc. to provide to others information about my loan and the Lender's (or subsequent holder's or Access Group, Inc.'s) experiences with me. I acknowledge and agree that the school referenced on the Application and Loan Agreement may receive a copy of this Application and Loan Agreement. Except as otherwise prohibited by law, I agree and consent that the Lender may share with its respective affiliates all information about me for the purposes, among other things, of evaluating credit applications or offering products and services that it believes may be of interest to me. Under the Fair Credit Reporting Act there is certain credit information about me that cannot be shared by the Lender with its affiliates if I send a written instruction containing my name, address, account number, and Social Security number addressed as follows: National City Bank, P. O. Box 94985, Cleveland, Ohio 44101-4985.

**If you sign the Application and Loan Agreement in California:**

A married applicant may apply for a separate account. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

If we take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**If you sign the Application and Loan Agreement in Iowa (This is a consumer credit transaction), Nebraska, or Kansas:**

Notice to Consumer:

1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement). 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**If you sign the Application and Loan Agreement in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

**If you sign the Application and Loan Agreement in Rhode Island:**

A consumer report may be requested in connection with this application.

**If you sign the Application and Loan Agreement in Maryland:**

We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. §85 and related regulations and opinions, which we expressly reserve.

**If you sign the Application and Loan Agreement in New York:**

A consumer report may be requested in connection with this application. Upon your request, you will be informed whether or not a consumer report was requested, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. Subsequent consumer reports may be requested or utilized in connection with an update, renewal or extension of the credit for which application was made.

**If you sign the Application and Loan Agreement in Ohio:**

The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

**If you sign the Application and Loan Agreement in Pennsylvania:**

You intend to be legally bound by this Application and Loan Agreement and the Statement of Loan Terms and Conditions.

**If you sign the Application and Loan Agreement in Utah:**

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**If you sign the Application and Loan Agreement in Vermont:**

You authorize National City to obtain credit reports about you now and in the future for all legitimate purposes associated with this application or the account including, but not limited to: (a) evaluating the application; and (b) renewing, reviewing, modifying, and taking collection action on your account.

Your consent is required before we can share certain credit information about you with our affiliates. We are permitted to share information which is not a credit report under Vermont law without your consent, such as information related solely to our transactions and experiences with you.

**If you sign the Application and Loan Agreement in Wisconsin:**

For married Wisconsin residents, your signature confirms that this loan obligation is being incurred in the interest of your marriage or family. No provision of a marital property agreement, a unilateral statement under Section 766.59 of the Wisconsin Statutes or a court decree under Section 766.70 of the Wisconsin Statutes adversely affects the interests of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

**Borrower Certification**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my Application and Loan Agreement for a loan under the Access Group® loan programs is true, complete, and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check payable to the student on whose behalf the loan is to be extended (which in the case of a non-student borrower is the person identified in fields 18 and 19 of my Application and Loan Agreement, and in the case of a student borrower is me) and mail it to such student's school, to mail a master check to such student's school, or to electronically transfer loan funds to such student's account at such student's school, and, in the case of an Electronic Funds Transfer or master check, if I am a borrower who is not the student, I further authorize the lender and the school to distribute to the student any loan funds in excess of the amount owed or payable by such student to the school during the applicable academic period. IF I AM A BORROWER WHO IS NOT ALSO THE STUDENT, I UNDERSTAND AND AGREE THAT NO AMOUNTS WILL BE PAYABLE TO ME EITHER BY CHECK OR ELECTRONIC TRANSFER. I authorize any educational institution that such student may attend, the guarantor, or Access Group, Inc. to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to my loan (e.g., employment, enrollment status, prior loan history, current address). I authorize my lender, subsequent holder, Access Group, Inc., or their agents to advise such student's educational institution of the status of my Application and Loan Agreement or of my loan. I also authorize the lender, subsequent holder, educational institution, the guarantor, Access Group, Inc., or their agents to make inquiries to or respond to inquiries from subsequent lenders or holders with respect to my Application and Loan Agreement and related documents. I also authorize the lender, subsequent holder, guarantor, or their agents to release information and make inquiries to the persons I have listed in my Application and Loan Agreement as references, for the purpose of learning my current address and telephone number. I also authorize the lender, subsequent holder, the guarantor, Access Group, Inc., or their agents to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of my loan will be used for educational purposes for the academic period stated in my Application and Loan Agreement at the educational institution named on my Application and Loan Agreement. I understand that I am responsible for repaying immediately any funds that I or the student receive which are not to be used or are not used for educational expenses related to attendance at the institution stated for the loan period stated. I certify that I have not filed for bankruptcy in the past seven years. I certify that I am not now in default on any loan received under the Federal Direct Loan Program or the Federal Family Education Loan Program, or other education loan.

# Student Borrowers – Statement of Loan Terms and Conditions for Access Group® Private Loan Programs

This Statement of Loan Terms and Conditions applies to, and is a part of, my Application and Loan Agreement. My signature on the Application and Loan Agreement certifies that I have read, understand, and agree to these Loan Terms and Conditions. In this Statement of Loan Terms and Conditions the words "I," "me," "my," and "mine" mean the borrower identified on the Application and Loan Agreement. If a cosigner is identified on the Application and Loan Agreement, the words "I," "me," "my," and "mine" mean the borrower and the cosigner, jointly and severally, except that references to my school, graduation or enrollment, program of study, citizenship, or participation in residency or postdoctoral programs, and references to loan funds being lent, advanced, mailed, or otherwise disbursed to me, for me, or on my behalf, refer only to the student borrower. "You," "your," and "yours" mean National City Bank, 1900 East Ninth Street, Cleveland, Ohio 44114-3484, or its successors and assigns, and any subsequent holder of my loan.

## A. PROMISE TO PAY

Intending to be legally bound, I promise to pay to your order under the provisions set forth in this Statement of Loan Terms and Conditions all of the principal sum advanced to me or paid on my behalf, and as set out below, interest on such principal sum, interest on any unpaid accrued interest added to the principal balance, a loan fee, if any, as set out below (which shall be added to the principal balance as described below), late charges, and, in the event of default, and to the extent permitted by applicable law, costs of collection and reasonable attorneys' fees.

## B. IMPORTANT - READ THIS INFORMATION CAREFULLY

1. When you receive my signed Application and Loan Agreement, you are not agreeing to lend me money. If you decide to make a loan to me, you will, in your sole discretion, mail a loan check to me, or mail a loan check or master check or electronically transfer the loan funds to my school for me. You have the right to not make a loan or to lend an amount less than the "Loan Amount Requested" in my Application and Loan Agreement. The amount of the loan will not exceed the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. After you agree to make a loan to me, you will send me (and my cosigner, if applicable) a Disclosure Statement. In addition to other information, the Disclosure Statement will tell me the amounts of my disbursements, the loan fee percentage assessed, and the index and margin used in calculating the interest rate for my loan.

3. I will review my Disclosure Statement upon receiving it and will contact you within three business days if I have any questions. If I am not satisfied (or if my cosigner, if applicable, is not satisfied) with the terms of my loan as approved, I (or my cosigner, if applicable) may cancel my loan and any disbursements. To cancel, I (or my cosigner, if applicable) must contact you in writing within three business days of receiving the Disclosure Statement and must notify my school. If I or my cosigner cancel the loan, I agree to not endorse any loan check, and to return to my school any and all funds received by me, and I agree that such non-endorsement and return of funds will be a condition to the effective cancellation of the loan.

## C. DEFINITIONS

1. "Access Group Program" means the particular loan program (i.e., Law Access®, Bar Examination Loan, Business Access®, Graduate Access®, Health Access®, Medical Access®, Medical Residency Loan, Dental Access®, Dental Residency/Dental Board Examination Loan, Comprehensive Access® or Optimum® Loan) for which you have determined that I am eligible, based upon my program of study, enrollment status, and citizenship, as shown on my Application and Loan Agreement.

2. "Disbursement Date" means the date on which you lend money to me in consideration for my Application and Loan Agreement, which date will be the date shown on my loan check, the date the loan funds are electronically transferred to my school or the date on which any master check is mailed to my school.

3. "Interim Period" means the period beginning on the initial Disbursement Date and ending on (a) if my Access Group Program is the Law Access®, Graduate Access®, Health Access®, or Business Access® program, the date which is nine months after I graduate or otherwise cease to be enrolled at least half-time at the school named on my Application and Loan Agreement or any other school participating in my Access Group Program, (b) if my Access Group Program is the Medical Access® or Medical Residency Loan program, the date which is nine months after the date I graduate or otherwise cease to be enrolled at least half-time at the medical school named on my Application and Loan Agreement or any other medical school participating in the Medical Access® program, unless on such date I am participating in a required residency program, in which event the "Interim Period" will end on the date which is nine months after the date I complete or otherwise cease to participate in such residency program, but in no event later than 57 months after the date I graduate from medical school (I will be considered to be participating in a required residency program only if I have sent

you a certification from the director of such program as to my participation), (c) if my Access Group Program is the Bar Examination Loan program, the date which is nine months after the date my law school indicated on my Application and Loan Agreement to be my anticipated or actual graduation date, (d) if my Access Group Program is the Dental Access® or Dental Residency/Dental Board Examination Loan program, the date which is nine months after the date I graduate or otherwise cease to be enrolled at least half-time at the dental school named on my Application and Loan Agreement or at any other dental school participating in the Dental Access® program, unless on such date I am participating in a required residency or postdoctoral program, in which event the "Interim Period" will end on the date which is nine months after the date I complete or otherwise cease to participate in such residency or postdoctoral program, but in no event later than 45 months after the date I graduate from dental school (I will be considered to be participating in a required residency or postdoctoral program only if I have sent you a certification from the director of such program as to my participation), or (e) if my Access Group Program is the Comprehensive Access® program or the Optimum® Loan program, the earlier of (i) the date which is nine months after I graduate, or otherwise cease to be enrolled, at the school named on my Application and Loan Agreement or any other school participating in the Access Group® loan programs or (ii) the date which is ten years after the disbursement date for my first Comprehensive Access® Loan or Optimum® Loan.

4. "Repayment Period" means the period beginning on the day after the Interim Period ends and continuing for no more than 240 months. I recognize that the beginning date of the Repayment Period may be earlier than the date on which I am asked to make my first payment according to the periodic statements described in Paragraph E.2.

## D. INTEREST

1. **Accrual** - Interest on my loan will accrue at the Variable Rate. Interest begins to accrue on the Disbursement Date and will continue to accrue on the unpaid balance until paid in full. Interest will accrue on the unpaid principal sum to the extent it is advanced to me or paid on my behalf, and on unpaid accrued interest and the loan fee added to the principal balance in accordance with Paragraphs D.3 and G. Interest will be calculated on the basis of the actual number of days in the year and the actual number of days elapsed. If I do not pay interest to you during the Interim Period, you may at your option add such interest to the principal balance of the loan in accordance with Paragraph D.3.

2. **Variable Rate** - The Variable Rate is equal to the Current Index, plus a margin ranging from 1.45% per annum to 4.30% per annum, depending on my credit history, my Access Group Program, and the availability of special loan programs at the school I attend, as identified in my Application and Loan Agreement, and my payment performance with respect to my loan. The margin applicable to my loan, as well as the basis upon which and the amount by which the margin applicable to my loan may be increased or decreased as a result of my payment performance, will be identified in my Disclosure Statement. In no event shall the Variable Rate be more than 25% per annum. The Variable Rate will change quarterly on the first day of each January, April, July, and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is the three-month London Interbank Offered Rate (LIBOR) on the last business day of the second month of the prior calendar quarter, as reported in *The Wall Street Journal*. If the Current Index is no longer available, you will choose, in your sole discretion, a comparable substitute.

3. **Capitalization** - You may, at your option, add all accrued and unpaid interest on my loan to the principal balance of the loan on the last day of the Interim Period. If my loan is the Comprehensive Access® Loan or Optimum® Loan, you may, at your option, add all accrued and unpaid interest on my loan to the principal balance of the loan five years after the date of the first disbursement of my Comprehensive Access® Loan or Optimum® Loan (if my loan has not yet entered repayment at that time), and again when my loan enters repayment.

## E. TERMS OF REPAYMENT

1. Interim Period - During the Interim Period you will send me quarterly statements showing my loan disbursements and the interest that accrues on my loan. Statements will be sent to the address shown on your records, as provided in Paragraph L. The quarterly statements will cover periods beginning on the initial Disbursement Date and thereafter on the first day of each January, April, July, and October. I may, but am not required to, make payments of interest or principal during the Interim Period. You may add any interest that I do not pay during the Interim Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period - During the Repayment Period you will send me periodic statements on my loan. The periodic statements will cover periods beginning on the first day of the Repayment Period and on the same day of each following month. I will make consecutive monthly payments in the amounts and on the

*Continued on page 5.*

# Student Borrowers – Statement of Loan Terms and Conditions for Access Group® Private Loan Programs

*Continued from page 4.*

payment due dates shown on my periodic statements until I have paid all of the principal and interest and any other charges I may owe on my loan, as described in this Statement of Loan Terms and Conditions.

3. Repayment Terms - The amounts shown on my periodic statements will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including capitalized interest and loan fee, if any) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.

4. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such case you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

5. Minimum Repayment - Notwithstanding Paragraph E.3, I agree to pay at least $50 each month (principal and interest) during the Repayment Period or the unpaid balance, whichever is less. I understand that this may result in my loan being paid off in less than 240 months.

6. My obligation to repay my loan shall remain in force if I become totally and permanently disabled or die.

## F. LATE CHARGES

I will pay a late charge of $25.00 if I fail to make any part of an installment payment within 15 days after it becomes due. I will pay only one late charge for an installment payment, regardless of the number of days it is late.

## G. FINANCE CHARGE

I will pay a loan fee not to exceed 6% of an amount (the "Capitalized Amount") equal to the original principal balance of my loan plus the interest that has accrued thereon through the last day of the Interim Period or, if earlier, the day on which I otherwise prepay my loan in full. The loan fee percentage to be applied to my Capitalized Amount will be identified on my Disclosure Statement and will be 0%, 3%, or 6%. The loan fee will be payable on the last day of the Interim Period or, if earlier, the day on which I otherwise prepay my loan in full. I agree that you can add the amount of the loan fee to the outstanding balance of my loan. I will not be entitled to any refund of the loan fee.

## H. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, either before or after the end of the Interim Period, I will still pay the loan fee described in Paragraph G. above. If I otherwise prepay my loan in its entirety prior to the last day of the Interim Period, and I have not already paid the loan fee, I agree to pay the loan fee when you bill me for it.

## I. FORBEARANCE

If I am unable to repay my loan in accordance with the terms established under Paragraph E. of this Statement of Loan Terms and Conditions, I may request that you modify these terms. I understand that such modification would be at your option. I understand that interest will continue to accrue during any period of forbearance and that I will remain responsible for payment of such interest.

## J. WHOLE LOAN DUE

To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you as described in this Statement of Loan Terms and Conditions, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if:

1. I fail to make any monthly payment to you when due; or

2. I break any of my other promises in my Application and Loan Agreement (including this Statement of Loan Terms and Conditions); or

3. I die; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or

5. I make any false written statement in applying for my loan or at any time during the Interim or Repayment Periods. Your right to treat such false statements as a default is in addition to, and not in lieu of, any other remedies you have at law or in equity.

If I default, I will be required to pay interest on my loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default.

## K. COLLECTION COSTS

I agree to pay you reasonable amounts permitted by applicable law, including reasonable attorneys' fees for any attorneys who are not your regular salaried employees and court and other collection costs, which you, or any agent of yours, incur in enforcing the terms of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions).

## L. NOTICES

1. I will send written notice to you within ten days after any change in my name, address, e-mail address, telephone number, school enrollment status, or residency or postdoctoral program participation.

2. Any notice required to be given to me by you will be effective (and deemed received) when mailed by first class mail to the latest address you have for me.

## M. ADDITIONAL AGREEMENTS

1. The proceeds of my loan will be used (a) if my Access Group Program is the Law Access®, Business Access®, Graduate Access®, Health Access®, Medical Access®, Dental Access®, Comprehensive Access® Loan program or Optimum® Loan program, only for my educational expenses at the school identified in my Application and Loan Agreement, (b) if my Access Group Program is the Bar Examination Loan program, only for my educational expenses in conjunction with the Bar Examination, (c) if my Access Group Program is the Medical Residency Loan program, only for my educational expenses in conjunction with a required residency program, or (d) if my Access Group Program is the Dental Residency/Dental Board Examination Loan program, only for my educational expenses associated with the costs of a required dental residency, dental board examination, or postdoctoral program.

2. My responsibility for paying my loan is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under my Application and Loan Agreement (including this Statement of Loan Terms and Conditions), you may accept (a) late payments, or (b) partial payments. I will not send you any partial payments marked "paid in full," "without recourse" or with similar language unless those payments are marked for "special handling" and sent to: Access Group, P.O. Box 7400, Wilmington, DE 19803-0400. You may delay, or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present my Application and Loan Agreement to me for payment or make protest of nonpayment to me before suing to collect on my loan if I am in default, and, to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions.

3. You are located in Ohio. My Application and Loan Agreement will be entered into in Ohio. Your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF MY LOAN WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES. I agree that any suit I bring against you (or against any subsequent holder of my loan) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which such subsequent holder maintains its) principal place of business.

4. I may not assign my loan or any of its benefits or obligations. You may assign my loan at any time without my consent.

5. The terms and conditions set forth in my Application and Loan Agreement (including the Borrower Certification), this Statement of Loan Terms and Conditions, and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions) is held invalid or unenforceable, that provision shall be considered omitted from my Application and Loan Agreement without affecting the validity or enforceability of the remainder of my Application and Loan Agreement.

7. The Section headings of this Statement of Loan Terms and Conditions are a table of contents and not contract terms. In this Statement of Loan Terms and Conditions, acts or practices by you which are or may be permitted by "applicable law" are permitted by New Jersey law. In this Statement of Loan Terms and Conditions, acts or practices that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

8. A provision of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions) may be modified only if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of my Application and Loan Agreement.

9. I acknowledge that my loan is an education loan and that the Access Group® loan programs are funded in part by a nonprofit institution, and that my loan is therefore subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code.

# FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT

PLEASE DIRECT ALL QUESTIONS OR
CORRESPONDENCE TO:

Creditor: National City Bank
Loan Program Type: BAL

National City Bank

Disbursement Date: 09/17/2003

1-800-282-1550

**UNIVERSITY OF TEXAS AT AUSTIN**

**AMER  GILANI**
**12820 N. LAMAR BLVD**
**#1927**
**AUSTIN, TX  78753**

| ANNUAL PERCENTAGE RATE | AMOUNT FINANCED |
|---|---|
| The cost of the credit as a yearly rate | The amount of credit provided to you on your behalf |

| 6.520% | 5.030% | |
|---|---|---|
| (e) Before repayment begins | (e) After repayment begins | $13,400.00 |

---

Variable rate:  The Annual Percentage Rate may change quarterly on the first day of each January, April, July and October if the Current Index changes.  The "Current Index" for any calendar quarter is the three month London Interbank Offered Rate (LIBOR) on the last business day of the second month of the prior calendar quarter, as reported in *The Wall Street Journal*.  The interest rate will not increase above 25%.  Any increase will take the form of higher payment amounts.  For example, if your loan was for $15,000 at 5.45% for 144 months and the rate increased to 6% after 12 months, your regular payments would increase by $3.80.

Late charge: If a payment is more than 15 days late, you will be charged $25.00.
Prepayment: If you pay off early, you will not have to pay a penalty but will have to pay your loan fee if not already paid.
See your other contract documents for any additional information about nonpayment, default, any required payment in full before the scheduled date, and prepayment refunds and penalties.

(e) means estimate

---

The loan fee for this loan will be 6.000% of the Capitalized Amount.  The "Capitalized Amount" is an amount equal to the original principal balance of your loan plus the interest that has accrued thereon through the last day of the Interim Period or, if earlier, the day on which you otherwise prepay your loan in full.

The Annual Percentage Rate before repayment begins is computed in accordance with federal regulations to take into account the loan fee and is not the same as the interest rate on your loans.

If you make your first 48 consecutive loan payments on time, your interest rate will be reduced by 0.5%, beginning with your 49th payment; you will continue to receive this reduced rate only for so long as you make scheduled payments on time.  If you authorize your bank to have loan payments automatically transferred from your checking or savings account, you will receive a 0.25% reduction on your interest rate, which will continue only for so long as your automatic payments do.

The Current Index is 1.280%.  The variable rate is equal to the Current Index plus a margin of 3.750% per annum.

| Itemization of the Amount Financed of: | $ | 13,400.00 |
|---|---|---|
| Amount given to you directly: | $ | 0.00 |
| Amount paid on your account: | $ | 0.00 |
| Amount paid to others on your behalf: | $ | 13,400.00 |

# ASSIGNMENT

May 6, 2004

The undersigned ("Lender"), for value received and pursuant to the terms and conditions of an Amended and Restated Commitment and Loan Sale Agreement dated as of March 8, 2004 ("Agreement") between Lender and Access Group, Inc. ("Access Group"), does hereby sell, assign, and convey to Access Group and its assignees, without recourse or warranty, except as set forth in the Agreement, all right, title and interest of Lender in, to and under (i) the loans (and the applications and loan agreements and related documents delivered pursuant to the Agreement) listed on the schedule attached hereto, which schedule lists ███ individually identified loans with an outstanding aggregate Principal Balance as of the Cut-off Date of ████████ and (ii) the Loan Documents and all other documents relating thereto, but only insofar as they relate to the aforesaid Assigned Loans, together with all rights and remedies of the undersigned under all of the foregoing, including the right to enforce the same in the same manner and to the same extent as the undersigned might do but for the execution and delivery of this instrument. This Assignment is being executed pursuant to the Agreement and is entitled to the benefits thereof. Capitalized terms used herein shall have the meanings assigned thereto in the Agreement.

Lender represents and warrants that it has duly executed and delivered the Endorsement (in the form required by Exhibit B of the Agreement).

**NATIONAL CITY BANK**

By ___P. Gregory Stringer___
P. Gregory Stringer
Senior Vice President

**[SEE EXHIBIT G TO THE INDENTURE OF TRUST
(WHICH APPEARS AS TAB 2 OF THIS TRANSCRIPT)
FOR A LIST OF LOANS]**



| Borrower SSN | Loan Type | Principal Amount | Borrower SSN | Loan Type | Principal Amount | Borrower SSN | Loan Type | Principal Amount | Borrower SSN | Loan Type | Principal Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | BALD | $13,400.00 | | LALD | $6,908.00 | | LALD | $14,500.00 | | CALB | $12,000.00 |

001.1627437.1

154

```
PREPARED BY : ACS
CLIENT NO.    : █████                              PREV CLIENT CD :    KH
OWNER NAME    : ACCESS GROUP, INC.                 ORIG PORT NBR  :
LENDER NUMBER: ███960                              ORIG LENDER NBR:  ████████
```

SECTION I. BORROWER INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

```
ACCOUNT NO.    █████6610-3          SEPARATION DATE    5/25/06      INSTALLMENTS PAST DUE      $721.72
NAME           GILANI, AMER S       GRACE END DATE     2/25/07      INTERIM INT PAST DUE         $0.00
C/O NAME                            PDG END DATE                    TOTAL AMOUNT PAST DUE      $721.72
ADDRESS        3710 NORMAN LOOP     LAST SCHOOL CODE  003658        CURRENT AMOUNT DUE         $134.64
                                                                    LATE CHARGES DUE            $60.00
                                    MONTHLY DUE DAY        7th
CITY, ST, ZIP        OCK     TX 78664   FIRST PAY DUE     4/07/07   TOTAL AMOUNT DUE           $916.36
PRIM PHONE     ████████2982 C       NEXT PAY DUE      12/07/15      UNPAID BORR INT            $298.77
SECN PHONE         4739 C           INT ACCRUED THRU  12/03/15      UNPAID GOVT INT               0.00
ADDRESS COND   GOOD                 INT PAID THRU      6/07/15      INSTALLMENT AMOUNT         $134.64
PHONE COND     GOOD PRIM PHONE      DELINQUENT DATE    6/08/15      CURRENT STATUS:        IN DEFAULT
               GOOD SECN PHONE      # DAYS DELINQ          180      1098E UNPAID CAP INT         $0.00
                                                                    1098E UNPAID ORIG FEES       $0.00
```

| DISB # | DISB DATE | NOTE DATE | INT RATE | LOAN TYPE | GUAR | DISB AMT | CAPITAL INTEREST | <- REFUND/CANCEL -> AMOUNT | FEES | BORR PAID PRINCIPAL | OUTSTANDING BALANCE | BORR PAID INTEREST | LATE CHG PAID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 9/17/03 | 8/14/03 | .04079 | 01 | EA | $6,700.00 | $2,464.47 | $0.00 | $0.00 | $1,633.02 | $7,531.45 | $2,954.75 | $155.00 |
| 02 | 1/12/04 | 8/14/03 | .04079 | 01 | EA | $6,700.00 | $2,464.43 | $0.00 | $0.00 | $1,633.00 | $7,531.43 | $2,954.78 | $155.00 |
| | | | | | TOTAL | $13,400.00 | $4,928.90 | $0.00 | $0.00 | $3,266.02 | $15,062.88 | $5,909.53 | $310.00 |

| DISB # | DISB DATE | 1098E UNPAID CAP INTEREST | 1098E UNPAID ORIG FEES | LOAN IDENTIFICATION | STANDARD $ STANDARD $ | STANDARD PERM $ | 25-YR FGV BEGIN DT | # QUAL FGV MOS | IBR START DT | # DAYS HRD DEF |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 9/17/03 | $0.00 | $0.00 | | $0.00 | $0.00 | 7/01/09 | 00 | | |
| 02 | 1/12/04 | $0.00 | $0.00 | | $0.00 | $0.00 | 7/01/09 | 00 | | |
| | | | | TOTAL | $0.00 | $0.00 | | | | |

```
DISB APPL DT # 01  03/27/12    DISB APPL DT # 02  03/27/12
```

SECTION II. REFERENCE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| NAME | ADDRESS | CITY | ST | ZIP | PHONE NUMBER | ADDR COND | PHN COND | REF TYP |
|---|---|---|---|---|---|---|---|---|
| GILANI, ██████ | ████████████ | AUSTIN | TX | 78703 | ████8380 | GOOD | GOOD | |
| KHAN, ██████ | | SUGAR LAND | TX | 77083 | 6477 | GOOD | GOOD | |
| CHOU██ | | AUSTIN | TX | 78753 | 5122 | GOOD | GOOD | |
| CHOU██ | | AUSTIN | TX | 78753 | 4312 | GOOD | GOOD | |

ACCOUNT NUMBER  ███ 610-3

| DESCRIPTION | ACT DATE | EFF DATE | TOT PAID | INT PAID | PRIN PAID | LT CHG PD | ACCRD INT | LT CHG DUE | PRIN BAL | INC REBT |
|---|---|---|---|---|---|---|---|---|---|---|
| STARTING BAL | | | | | | | | | 15,947.68 | |
| | | | | | | | | | | |
| LATE CHG ADJUST | 04/22/12 | 04/22/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 04/30/12 | 04/27/12 | | | | 10.00 | | | | |
| PAYMENT | 04/30/12 | 04/27/12 | 110.33 | 79.83 | 30.50 | | | | 15,917.18 | |
| LATE CHG ADJUST | 05/22/12 | 05/22/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 05/30/12 | 05/29/12 | | | | 10.00 | | | | |
| PAYMENT | 05/30/12 | 05/29/12 | 110.33 | 59.05 | 51.28 | | | | 15,865.90 | |
| LATE CHG ADJUST | 06/22/12 | 06/22/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 07/06/12 | 10/02/12 | | | | 10.00 | | | | |
| PAY REAP-FI ADJ | 07/10/12 | 07/08/12 | | 69.85 | -69.85 | | | | 15,935.75 | |
| ADJUST IRB | 07/10/12 | 07/08/12 | | | | | 69.85 | | | |
| ADJUST IRB | 07/10/12 | 07/08/12 | | | | | -69.86 | | | |
| LATE CHG REAPP | 07/10/12 | 07/08/12 | | 0.00 | -10.00 | 10.00 | | | 15,945.75 | |
| LATE CHG ADJUST | 07/10/12 | 07/08/12 | | | | | | -10.00 | | |
| PAY PRIOR | 07/10/12 | 07/06/12 | 120.33 | 0.00 | 120.33 | | | | 15,825.42 | |
| LATE CHG ADJUST | 07/22/12 | 07/22/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 07/25/12 | 10/02/12 | | | | 10.00 | | | | |
| LATE CHG PAYMNT | 07/26/12 | 07/25/12 | | | | 10.00 | | | | |
| PAYMENT | 07/26/12 | 07/25/12 | 111.04 | 34.71 | 76.33 | | | | 15,749.09 | |
| LATE CHG ADJUST | 08/22/12 | 08/22/12 | | | | | | 10.00 | | |
| PAY REAP-FI ADJ | 08/24/12 | 08/22/12 | | 50.91 | -50.91 | | | | 15,800.00 | |
| ADJUST IRB | 08/24/12 | 08/22/12 | | | | | -50.92 | | | |
| ADJUST IRB | 08/24/12 | 08/22/12 | | | | | 50.91 | | | |
| LATE CHG ADJUST | 08/24/12 | 08/22/12 | | | | | | -10.00 | | |
| PAY PRIOR | 08/24/12 | 08/22/12 | 121.04 | 0.00 | 121.04 | | | | 15,678.96 | |
| LATE CHG ADJUST | 09/23/12 | 09/23/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 09/28/12 | 10/02/12 | | | | 10.00 | | | | |
| PAY REAP-FI ADJ | 10/02/12 | 09/30/12 | | 66.97 | -66.97 | | | | 15,745.93 | |
| ADJUST IRB | 10/02/12 | 09/30/12 | | | | | -66.98 | | | |
| ADJUST IRB | 10/02/12 | 09/30/12 | | | | | 66.97 | | | |
| LATE CHG REAPP | 10/02/12 | 09/30/12 | | 0.00 | -10.00 | 10.00 | | | 15,755.93 | |
| LATE CHG ADJUST | 10/02/12 | 09/30/12 | | | | | | -10.00 | | |
| PAY PRIOR | 10/02/12 | 09/28/12 | 121.04 | 0.00 | 121.04 | | | | 15,634.89 | |
| LATE CHG ADJUST | 10/22/12 | 10/22/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 10/29/12 | 10/26/12 | | | | 10.00 | | | | |
| PAYMENT | 10/29/12 | 10/26/12 | 110.73 | 50.02 | 60.71 | | | | 15,574.18 | |
| LATE CHG ADJUST | 11/23/12 | 11/23/12 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 11/27/12 | 11/26/12 | | | | 10.00 | | | | |
| PAYMENT | 11/27/12 | 11/26/12 | 109.40 | 55.09 | 54.31 | | | | 15,519.87 | |
| PAYMENT | 12/18/12 | 12/17/12 | 120.73 | 37.20 | 83.53 | | | | 15,436.34 | |
| PAYMENT | 01/08/13 | 01/07/13 | 120.73 | 36.72 | 84.01 | | | | 15,352.33 | |
| LATE CHG ADJUST | 02/22/13 | 02/22/13 | | | | | | 10.00 | | |
| LATE CHG PAYMNT | 02/28/13 | 03/02/13 | | | | 10.00 | | | | |
| PAY REAP-FI ADJ | 03/02/13 | 02/28/13 | | 88.75 | -88.75 | | | | 15,441.08 | |
| ADJUST IRB | 03/02/13 | 02/28/13 | | | | | -88.76 | | | |

********* CONTINUED *********

| Description | Date | Date | Amount | Principal | Interest | Late Charge | Adjustment | Balance |
|---|---|---|---|---|---|---|---|---|
| ADJUST IRB | 03/02/13 | 02/28/13 | | | | 88.75 | | |
| LATE CHG REAPP | 03/02/13 | 02/28/13 | | 0.00 | −10.00 | 10.00 | | 15,451.08 |
| LATE CHG ADJUST | 03/02/13 | 02/28/13 | | | | | −10.00 | |
| PAY PRIOR | 03/02/13 | 02/28/13 | 119.57 | 0.00 | 119.57 | | | 15,331.51 |
| LATE CHG PAYMNT | 04/12/13 | 04/12/13 | | | | | 10.00 | |
| PAYMENT | 04/12/13 | 04/12/13 | 239.14 | 73.19 | 165.95 | | | 15,165.56 |
| LATE CHG ADJUST | 05/22/13 | 05/22/13 | | | | | 10.00 | |
| LATE CHG PAYMNT | 06/07/13 | 06/07/13 | | | | 10.00 | | |
| PAYMENT | 06/07/13 | 06/07/13 | 50.07 | 50.07 | 0.00 | | | 15,165.56 |
| PAYMENT | 06/19/13 | 06/19/13 | 60.07 | 60.07 | 0.00 | | | 15,165.56 |
| PAYMENT | 07/19/13 | 07/19/13 | 60.07 | 54.04 | 6.03 | | | 15,159.53 |
| PAYMENT | 08/15/13 | 08/15/13 | 60.07 | 45.11 | 14.96 | | | 15,144.57 |
| PAYMENT | 09/13/13 | 09/13/13 | 60.07 | 48.40 | 11.67 | | | 15,132.90 |
| LATE CHG ADJUST | 10/22/13 | 10/22/13 | | | | | 10.00 | |
| LATE CHG PAYMNT | 10/25/13 | 10/25/13 | | | | 10.00 | | |
| PAYMENT | 10/25/13 | 10/25/13 | 110.14 | 69.89 | 40.25 | | | 15,092.65 |
| LATE CHG PAYMNT | 12/22/13 | 12/22/13 | | | | 10.00 | | |
| PAYMENT | 12/30/13 | 12/30/13 | 80.11 | 80.11 | 0.00 | | | 15,092.65 |
| LATE CHG ADJUST | 01/22/14 | 01/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 01/31/14 | 01/31/14 | | | | 10.00 | | |
| PAYMENT | 01/31/14 | 01/31/14 | 50.07 | 50.07 | 0.00 | | | 15,092.65 |
| LATE CHG ADJUST | 02/22/14 | 02/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 03/03/14 | 03/03/14 | | | | 10.00 | | |
| PAYMENT | 03/03/14 | 03/03/14 | 80.11 | 80.11 | 0.00 | | | 15,092.65 |
| LATE CHG ADJUST | 03/22/14 | 03/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 04/02/14 | 04/02/14 | | | | 10.00 | | |
| PAYMENT | 04/02/14 | 04/02/14 | 80.11 | 52.39 | 27.72 | | | 15,064.93 |
| LATE CHG ADJUST | 04/22/14 | 04/22/14 | | | | | 10.00 | |
| LATE CHG ADJUST | 05/22/14 | 05/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 05/23/14 | 05/23/14 | | | | 20.00 | | |
| PAYMENT | 05/23/14 | 05/23/14 | 160.22 | 83.84 | 76.38 | | | 14,988.55 |
| LATE CHG ADJUST | 06/22/14 | 06/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 07/08/14 | 07/08/14 | | | | 10.00 | | |
| PAYMENT | 07/08/14 | 07/08/14 | 80.11 | 75.22 | 4.89 | | | 14,983.66 |
| LATE CHG ADJUST | 07/22/14 | 07/22/14 | | | | | 10.00 | |
| LATE CHG ADJUST | 08/22/14 | 08/22/14 | | | | | 10.00 | |
| LATE CHG ADJUST | 09/22/14 | 09/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 10/10/14 | 10/10/14 | | | | 30.00 | | |
| PAYMENT | 10/10/14 | 10/10/14 | 19.74 | 19.74 | 0.00 | | | 14,983.66 |
| LATE CHG ADJUST | 10/22/14 | 10/22/14 | | | | | 10.00 | |
| LATE CHG PAYMNT | 10/24/14 | 10/24/14 | | | | 10.00 | | |
| PAYMENT | 10/24/14 | 10/24/14 | 40.00 | 40.00 | 0.00 | | | 14,983.66 |
| PAYMENT | 11/18/14 | 11/18/14 | 148.77 | 148.77 | 0.00 | | | 14,983.66 |
| LATE CHG ADJUST | 12/22/14 | 12/22/14 | | | | | 10.00 | |
| LATE CHG ADJUST | 01/22/15 | 01/22/15 | | | | | 10.00 | |
| LATE CHG ADJUST | 02/22/15 | 02/22/15 | | | | | 10.00 | |
| LATE CHG ADJUST | 03/22/15 | 03/22/15 | | | | | 10.00 | |
| LATE CHG PAYMNT | 03/29/15 | 03/29/15 | | | | 40.00 | | |
| PAYMENT | 03/29/15 | 03/29/15 | 260.00 | 222.69 | 37.31 | | | 14,946.35 |
| ADJ CAPITAL INT | 06/07/15 | 06/07/15 | | | | | −116.53 | 15,062.88 |
| LATE CHG ADJUST | 06/22/15 | 06/22/15 | | | | | 10.00 | |
| LATE CHG ADJUST | 07/22/15 | 07/22/15 | | | | | 10.00 | |
| LATE CHG ADJUST | 08/22/15 | 08/22/15 | | | | | 10.00 | |

********** CONTINUED **********

```
LATE CHG ADJUST  09/22/15 09/22/15                                    10.00
LATE CHG ADJUST  10/22/15 10/22/15                                    10.00
LATE CHG ADJUST  11/22/15 11/22/15                                    10.00

*TOTALS                2,914.14   1,882.81   1,001.33     300.00      290.00   15,062.88        0.00
```

# Loan History Details

| Loan # | Effective Date | Transaction Code | Transaction Amount | App Principal | App Interest | App Fees | Principal Balance After Tran | Interest Balance After Tran | Fee Balance After Tran | Interest Rate Before Tran | Interest Rate After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10/1/2003 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 6700.00 | 12.92 | 0.00 | 5.03 | 4.890 |
| 1 | 1/1/2004 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 6700.00 | 95.44 | 0.00 | 4.89 | 4.921 |
| 1 | 1/12/2004 | A05 - Disbursement | 6700.00 | 6700.00 | 0.00 | 0.00 | 13400.00 | 105.37 | 0.00 | 4.92 | 4.921 |
| 1 | 4/1/2004 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 249.80 | 0.00 | 4.92 | 4.870 |
| 1 | 5/6/2004 | A11 - Lender Transfer Curr | 13712.33 | 13400.00 | 312.33 | 0.00 | 13400.00 | 312.33 | 0.00 | 4.87 | 4.870 |
| 1 | 7/1/2004 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 412.39 | 0.00 | 4.87 | 5.065 |
| 1 | 10/1/2004 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 583.34 | 0.00 | 5.07 | 5.550 |
| 1 | 1/1/2005 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 770.67 | 0.00 | 5.55 | 6.160 |
| 1 | 1/15/2005 | A52 - Adj Borr Accr Int | (0.51) | 0.00 | (0.51) | 0.00 | 13400.00 | 799.17 | 0.00 | 0.00 | 5.550 |
| 1 | 1/15/2005 | A52 - Adj Borr Accr Int | 3.13 | 0.00 | 3.13 | 0.00 | 13400.00 | 802.30 | 0.00 | 0.00 | 6.160 |
| 1 | 4/1/2005 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 974.06 | 0.00 | 6.16 | 6.670 |
| 1 | 7/1/2005 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 1196.74 | 0.00 | 6.67 | 7.088 |
| 1 | 10/1/2005 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 1435.97 | 0.00 | 7.09 | 7.620 |
| 1 | 1/1/2006 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 1693.16 | 0.00 | 7.62 | 8.170 |
| 1 | 4/1/2006 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 1962.93 | 0.00 | 8.17 | 8.573 |
| 1 | 5/25/2006 | A17 - Grad/Sep Change | 15532.76 | 13400.00 | 2132.76 | 0.00 | 13400.00 | 2132.77 | 0.00 | 8.57 | 8.573 |
| 1 | 7/1/2006 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 2249.14 | 0.00 | 8.57 | 8.988 |
| 1 | 10/1/2006 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 2552.50 | 0.00 | 8.99 | 9.148 |
| 1 | 1/1/2007 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 13400.00 | 2861.27 | 0.00 | 9.15 | 9.120 |
| 1 | 2/25/2007 | A76 - Suppl Guarantee Fee | 986.72 | 986.72 | 0.00 | 0.00 | 14386.72 | 3045.29 | 0.00 | 9.12 | 9.120 |
| 1 | 2/26/2007 | A22 - Interim To Payout | 17435.60 | 14386.72 | 3048.88 | 0.00 | 14386.72 | 3048.88 | 0.00 | 9.12 | 9.120 |

## Loan History Details

| Loan # | Effective Date | Transaction Code | Transaction Amount | App Principal | App Interest | App Fees | Principal Balance After Tran | Interest Balance After Tran | Fee Balance After Tran | Interest Rate Before Tran | Interest Rate After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/26/2007 | A40 - Full Cap | 3048.88 | 3048.88 | (3048.88) | 0.00 | 17435.60 | 0.00 | 0.00 | 9.12 | 9.120 |
| 1 | 3/30/2007 | P30 - Borrower Payment | 160.23 | 20.92 | 139.31 | 0.00 | 17414.68 | 0.00 | 0.00 | 9.12 | 9.120 |
| 1 | 4/1/2007 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 17414.68 | 8.70 | 0.00 | 9.12 | 9.098 |
| 1 | 4/2/2007 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 17414.68 | 13.04 | 0.00 | 0.00 | 9.098 |
| 1 | 5/1/2007 | P30 - Borrower Payment | 159.00 | 20.17 | 138.83 | 0.00 | 17394.51 | 0.01 | 0.00 | 9.10 | 9.098 |
| 1 | 5/2/2007 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 17394.51 | 4.34 | 0.00 | 0.00 | 9.098 |
| 1 | 6/1/2007 | P30 - Borrower Payment | 159.00 | 24.68 | 134.32 | 0.00 | 17369.83 | 0.00 | 0.00 | 9.10 | 9.098 |
| 1 | 6/4/2007 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 17369.83 | 12.98 | 0.00 | 0.00 | 9.098 |
| 1 | 6/4/2007 | P30 - Borrower Payment | 159.00 | 146.02 | 12.98 | 0.00 | 17223.81 | 0.00 | 0.00 | 9.10 | 9.098 |
| 1 | 6/5/2007 | A52 - Adj Borr Accr Int | (0.03) | 0.00 | (0.03) | 0.00 | 17223.81 | 4.29 | 0.00 | 0.00 | 9.098 |
| 1 | 7/1/2007 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 17223.81 | 115.84 | 0.00 | 9.10 | 9.110 |
| 1 | 8/1/2007 | P30 - Borrower Payment | 159.00 | 0.00 | 159.00 | 0.00 | 17223.81 | 90.01 | 0.00 | 9.11 | 9.110 |
| 1 | 8/31/2007 | P30 - Borrower Payment | 159.00 | 0.00 | 159.00 | 0.00 | 17223.81 | 59.89 | 0.00 | 9.11 | 9.110 |
| 1 | 10/1/2007 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 17223.81 | 193.07 | 0.00 | 9.11 | 9.371 |
| 1 | 10/1/2007 | P30 - Borrower Payment | 159.00 | 0.00 | 159.00 | 0.00 | 17223.81 | 34.07 | 0.00 | 9.37 | 9.371 |
| 1 | 11/1/2007 | P30 - Borrower Payment | 159.00 | 0.00 | 159.00 | 0.00 | 17223.81 | 12.05 | 0.00 | 9.37 | 9.371 |
| 1 | 12/3/2007 | P30 - Borrower Payment | 159.00 | 5.54 | 153.46 | 0.00 | 17218.27 | 0.00 | 0.00 | 9.37 | 9.371 |
| 1 | 12/4/2007 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 17218.27 | 4.42 | 0.00 | 0.00 | 9.371 |
| 1 | 1/1/2008 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 17218.27 | 128.11 | 0.00 | 9.37 | 8.881 |
| 1 | 1/2/2008 | P30 - Borrower Payment | 162.00 | 29.71 | 132.29 | 0.00 | 17188.56 | 0.01 | 0.00 | 8.88 | 8.881 |
| 1 | 1/3/2008 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 17188.56 | 4.19 | 0.00 | 0.00 | 8.881 |
| 1 | 2/8/2008 | P30 - Borrower Payment | 162.00 | 7.36 | 154.64 | 0.00 | 17181.20 | 0.01 | 0.00 | 8.88 | 8.881 |
| 1 | 2/11/2008 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 17181.20 | 12.54 | 0.00 | 0.00 | 8.881 |
| 1 | 2/28/2008 | P30 - Borrower Payment | 162.00 | 78.45 | 83.55 | 0.00 | 17102.75 | 0.01 | 0.00 | 8.88 | 8.881 |
| 1 | 2/29/2008 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 17102.75 | 4.17 | 0.00 | 0.00 | 8.881 |
| 1 | 4/1/2008 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 17102.75 | 137.24 | 0.00 | 8.88 | 6.808 |
| 1 | 4/1/2008 | P30 - Borrower Payment | 162.41 | 25.18 | 137.23 | 0.00 | 17077.57 | 0.01 | 0.00 | 6.81 | 6.808 |
| 1 | 5/5/2008 | P30 - Borrower Payment | 162.00 | 53.77 | 108.23 | 0.00 | 17023.80 | 0.00 | 0.00 | 6.81 | 6.808 |

## Loan History Details

| Loan # | Effective Date | Transaction Code | Transaction Amount | App Principal | App Interest | App Fees | Principal Balance After Tran | Interest Balance After Tran | Fee Balance After Tran | Interest Rate Before Tran | Interest Rate After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/30/2008 | P30 - Borrower Payment | 162.42 | 83.09 | 79.33 | 0.00 | 16940.71 | 0.00 | 0.00 | 6.81 | 6.808 |
| 1 | 7/1/2008 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16940.71 | 101.05 | 0.00 | 6.81 | 6.431 |
| 1 | 7/1/2008 | P30 - Borrower Payment | 134.00 | 32.96 | 101.04 | 0.00 | 16907.75 | 0.01 | 0.00 | 6.43 | 6.431 |
| 1 | 8/7/2008 | P30 - Borrower Payment | 162.77 | 52.62 | 110.15 | 0.00 | 16855.13 | 0.00 | 0.00 | 6.43 | 6.431 |
| 1 | 9/3/2008 | P30 - Borrower Payment | 162.77 | 82.64 | 80.13 | 0.00 | 16772.49 | 0.00 | 0.00 | 6.43 | 6.431 |
| 1 | 9/26/2008 | P30 - Borrower Payment | 134.00 | 66.08 | 67.92 | 0.00 | 16706.41 | 0.00 | 0.00 | 6.43 | 6.431 |
| 1 | 10/1/2008 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16706.41 | 14.71 | 0.00 | 6.43 | 6.561 |
| 1 | 10/31/2008 | P30 - Borrower Payment | 135.65 | 30.92 | 104.73 | 0.00 | 16675.49 | 0.01 | 0.00 | 6.56 | 6.561 |
| 1 | 12/9/2008 | P30 - Borrower Payment | 204.75 | 87.92 | 116.83 | 0.00 | 16587.57 | 0.00 | 0.00 | 6.56 | 6.561 |
| 1 | 1/1/2009 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16587.57 | 68.53 | 0.00 | 6.56 | 5.967 |
| 1 | 2/3/2009 | P30 - Borrower Payment | 165.00 | 7.05 | 157.95 | 0.00 | 16580.52 | 0.01 | 0.00 | 5.97 | 5.967 |
| 1 | 3/5/2009 | P30 - Borrower Payment | 132.00 | 50.74 | 81.26 | 0.00 | 16529.78 | 0.01 | 0.00 | 5.97 | 5.967 |
| 1 | 3/6/2009 | P30 - Borrower Payment | 214.50 | 211.79 | 2.71 | 0.00 | 16317.99 | 0.00 | 0.00 | 5.97 | 5.967 |
| 1 | 4/1/2009 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16317.99 | 69.31 | 0.00 | 5.97 | 5.014 |
| 1 | 5/1/2009 | P30 - Borrower Payment | 132.00 | 0.00 | 132.00 | 0.00 | 16317.99 | 4.51 | 0.00 | 5.01 | 5.014 |
| 1 | 6/1/2009 | P30 - Borrower Payment | 132.00 | 58.05 | 73.95 | 0.00 | 16259.94 | 0.01 | 0.00 | 5.01 | 5.014 |
| 1 | 6/2/2009 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 16259.94 | 2.24 | 0.00 | 0.00 | 5.014 |
| 1 | 6/6/2009 | A00 - Loan Conv (Prev Sys) | 16271.10 | 16259.94 | 11.16 | 0.00 | 16259.94 | 11.17 | 0.00 | 0.00 | 5.014 |
| 1 | 6/6/2009 | A17 - Grad/Sep Change | 16271.10 | 16259.94 | 11.16 | 0.00 | 16259.94 | 11.17 | 0.00 | 5.01 | 5.014 |
| 1 | 6/6/2009 | A22 - Interim To Payout | 16271.10 | 16259.94 | 11.16 | 0.00 | 16259.94 | 11.17 | 0.00 | 5.01 | 5.014 |
| 1 | 7/1/2009 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16259.94 | 66.97 | 0.00 | 5.01 | 4.406 |
| 1 | 7/2/2009 | P30 - Borrower Payment | 148.50 | 79.58 | 68.92 | 0.00 | 16180.36 | 0.01 | 0.00 | 4.41 | 4.406 |
| 1 | 7/6/2009 | A52 - Adj Borr Accr Int | (0.04) | 0.00 | (0.04) | 0.00 | 16180.36 | 7.82 | 0.00 | 0.00 | 4.406 |
| 1 | 8/17/2009 | F01 - Start Forbearance | 16270.15 | 16180.36 | 89.79 | 0.00 | 16180.36 | 89.79 | 0.00 | 4.41 | 4.406 |
| 1 | 10/1/2009 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16180.36 | 177.63 | 0.00 | 4.41 | 4.098 |

## Loan History Details

| Loan # | Effective Date | Transaction Code | Transaction Amount | App Principal | App Interest | App Fees | Principal Balance After Tran | Interest Balance After Tran | Fee Balance After Tran | Interest Rate Before Tran | Interest Rate After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1/1/2010 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16180.36 | 344.64 | 0.00 | 4.10 | 4.007 |
| 1 | 2/18/2010 | A40 - Full Cap | 429.84 | 429.84 | (429.84) | 0.00 | 16610.20 | 0.00 | 0.00 | 4.01 | 4.007 |
| 1 | 2/18/2010 | F99 - End Forbearance | 16610.20 | 16180.36 | 429.84 | 0.00 | 16180.36 | 429.84 | 0.00 | 4.01 | 4.007 |
| 1 | 4/1/2010 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16610.20 | 76.54 | 0.00 | 4.01 | 4.002 |
| 1 | 4/5/2010 | P30 - Borrower Payment | 226.00 | 142.19 | 83.81 | 0.00 | 16468.01 | 0.01 | 0.00 | 4.00 | 4.002 |
| 1 | 4/6/2010 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 16468.01 | 1.81 | 0.00 | 0.00 | 4.002 |
| 1 | 6/1/2010 | P30 - Borrower Payment | 113.00 | 10.15 | 102.85 | 0.00 | 16457.86 | 0.01 | 0.00 | 4.00 | 4.002 |
| 1 | 7/1/2010 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16457.86 | 54.10 | 0.00 | 4.00 | 4.286 |
| 1 | 7/8/2010 | P30 - Borrower Payment | 113.00 | 45.38 | 67.62 | 0.00 | 16412.48 | 0.00 | 0.00 | 4.29 | 4.286 |
| 1 | 7/9/2010 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 16412.48 | 1.93 | 0.00 | 0.00 | 4.286 |
| 1 | 8/13/2010 | P30 - Borrower Payment | 113.41 | 44.08 | 69.33 | 0.00 | 16368.40 | 0.01 | 0.00 | 4.29 | 4.286 |
| 1 | 8/16/2010 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 16368.40 | 5.77 | 0.00 | 0.00 | 4.286 |
| 1 | 9/17/2010 | A55 - Late Charge | 10.00 | 0.00 | 0.00 | 10.00 | 16368.40 | 67.23 | 10.00 | 4.29 | 4.286 |
| 1 | 9/30/2010 | P30 - Borrower Payment | 231.59 | 129.39 | 92.20 | 10.00 | 16239.01 | 0.00 | 0.00 | 4.29 | 4.286 |
| 1 | 10/1/2010 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16239.01 | 1.91 | 0.00 | 4.29 | 4.046 |
| 1 | 10/1/2010 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 16239.01 | 1.91 | 0.00 | 0.00 | 4.046 |
| 1 | 11/12/2010 | P30 - Borrower Payment | 123.40 | 45.95 | 77.45 | 0.00 | 16193.06 | 0.01 | 0.00 | 4.05 | 4.046 |
| 1 | 11/15/2010 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 16193.06 | 5.39 | 0.00 | 0.00 | 4.046 |
| 1 | 12/10/2010 | P30 - Borrower Payment | 123.41 | 73.18 | 50.23 | 0.00 | 16119.88 | 0.00 | 0.00 | 4.05 | 4.046 |
| 1 | 12/13/2010 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 16119.88 | 5.36 | 0.00 | 0.00 | 4.046 |
| 1 | 1/1/2011 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16119.88 | 39.29 | 0.00 | 4.05 | 4.050 |
| 1 | 1/15/2011 | P30 - Borrower Payment | 101.19 | 36.88 | 64.31 | 0.00 | 16083.00 | 0.00 | 0.00 | 4.05 | 4.050 |
| 1 | 1/17/2011 | A55 - Late Charge | 10.00 | 0.00 | 0.00 | 10.00 | 16083.00 | 3.57 | 10.00 | 4.05 | 4.050 |
| 1 | 1/18/2011 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 16083.00 | 5.35 | 10.00 | 0.00 | 4.050 |
| 1 | 2/4/2011 | P30 - Borrower Payment | 102.84 | 57.18 | 35.66 | 10.00 | 16025.82 | 0.01 | 0.00 | 4.05 | 4.050 |
| 1 | 2/7/2011 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 16025.82 | 5.34 | 0.00 | 0.00 | 4.050 |
| 1 | 2/11/2011 | P30 - Borrower Payment | 129.16 | 116.72 | 12.44 | 0.00 | 15909.10 | 0.01 | 0.00 | 4.05 | 4.050 |
| 1 | 2/14/2011 | A52 - Adj Borr Accr Int | (0.04) | 0.00 | (0.04) | 0.00 | 15909.10 | 5.30 | 0.00 | 0.00 | 4.050 |

## Loan History Details

| Loan # | Effective Date | Transaction Code | Transaction Amount | App Principal | App Interest | App Fees | Principal Balance After Tran | Interest Balance After Tran | Fee Balance After Tran | Interest Rate Before Tran | Interest Rate After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4/1/2011 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 15909.10 | 86.45 | 0.00 | 4.05 | 4.060 |
| 1 | 4/15/2011 | P30 - Borrower Payment | 116.00 | 4.80 | 111.20 | 0.00 | 15904.30 | 0.00 | 0.00 | 4.06 | 4.060 |
| 1 | 4/17/2011 | A55 - Late Charge | 10.00 | 0.00 | 0.00 | 10.00 | 15904.30 | 3.54 | 10.00 | 4.06 | 4.060 |
| 1 | 5/13/2011 | P30 - Borrower Payment | 116.41 | 56.91 | 49.50 | 10.00 | 15847.39 | 0.00 | 0.00 | 4.06 | 4.060 |
| 1 | 5/16/2011 | A52 - Adj Borr Accr Int | (0.02) | 0.00 | (0.02) | 0.00 | 15847.39 | 5.29 | 0.00 | 0.00 | 4.060 |
| 1 | 5/31/2011 | F01 - Start Forbearance | 15879.10 | 15847.39 | 31.71 | 0.00 | 15847.39 | 31.71 | 0.00 | 4.06 | 4.060 |
| 1 | 7/1/2011 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 15847.39 | 86.32 | 0.00 | 4.06 | 4.003 |
| 1 | 10/1/2011 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 15847.39 | 246.11 | 0.00 | 4.00 | 4.077 |
| 1 | 11/27/2011 | A40 - Full Cap | 346.93 | 346.93 | (346.93) | 0.00 | 16194.32 | 0.00 | 0.00 | 4.08 | 4.077 |
| 1 | 11/27/2011 | F99 - End Forbearance | 16194.32 | 15847.39 | 346.93 | 0.00 | 15847.39 | 346.93 | 0.00 | 4.08 | 4.077 |
| 1 | 12/17/2011 | A55 - Late Charge | 10.00 | 0.00 | 0.00 | 10.00 | 16194.32 | 36.16 | 10.00 | 4.08 | 4.077 |
| 1 | 12/23/2011 | P30 - Borrower Payment | 123.41 | 66.41 | 47.00 | 10.00 | 16127.91 | 0.00 | 0.00 | 4.08 | 4.077 |
| 1 | 12/28/2011 | A52 - Adj Borr Accr Int | (0.04) | 0.00 | (0.04) | 0.00 | 16127.91 | 9.00 | 0.00 | 0.00 | 4.077 |
| 1 | 1/1/2012 | A14 - Change Interest Rate | 0.00 | 0.00 | 0.00 | 0.00 | 16127.91 | 16.20 | 0.00 | 4.08 | 4.279 |
| 1 | 1/17/2012 | A55 - Late Charge | 10.00 | 0.00 | 0.00 | 10.00 | 16127.91 | 46.43 | 10.00 | 4.28 | 4.279 |
| 1 | 2/3/2012 | P30 - Borrower Payment | 224.18 | 135.63 | 78.55 | 10.00 | 15992.28 | 0.01 | 0.00 | 4.28 | 4.279 |
| 1 | 2/6/2012 | A52 - Adj Borr Accr Int | (0.05) | 0.00 | (0.05) | 0.00 | 15992.28 | 5.63 | 0.00 | 0.00 | 4.279 |
| 1 | 3/15/2012 | P30 - Borrower Payment | 121.41 | 44.60 | 76.81 | 0.00 | 15947.68 | 0.01 | 0.00 | 4.28 | 4.279 |
| 1 | 3/16/2012 | A52 - Adj Borr Accr Int | (0.01) | 0.00 | (0.01) | 0.00 | 15947.68 | 1.88 | 0.00 | 0.00 | 4.279 |
| 1 | 3/24/2012 | P32 - Bank Repur-Lndr Refd | 15964.50 | 15947.68 | 16.82 | 0.00 | 0.00 | 0.00 | 0.00 | 4.28 | 4.279 |

## Post Default Payment Summary

| Borrower Name | GILANI, AMER S | | | |
|---|---|---|---|---|
| **Loan Number** | **Paid Date on Latitude** | **Payment Amount** | **Outstanding Balance** | **Agency Name** |
| 01 | 12/4/2015 | 0.00 | 15,421.65 | |
| 01 | 3/31/2016 | 102.26 | 15,319.39 | TSI |
| 01 | 4/15/2016 | 40.91 | 15,278.48 | TSI |
| 01 | 5/15/2016 | 40.91 | 15,237.57 | TSI |
| 01 | 6/15/2016 | 33.34 | 15,204.23 | TSI |
| 01 | 7/15/2016 | 33.34 | 15,170.89 | TSI |
| 01 | 8/15/2016 | 33.34 | 15,137.55 | TSI |
| 01 | 9/15/2016 | 33.34 | 15,104.21 | TSI |

CAUSE NUMBER: _____

| | | |
|---|---|---|
| Access Group Inc | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | IN THE WILLIAMSON COUNTY |
| vs. | ) | DISTRICT COURT |
| | ) | |
| Amer S Gilani | ) | WILLIAMSON COUNTY, TEXAS |
| AKA Amer Gilani | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### I. PARTIES

1.  Plaintiff is:

    Access Group Inc

    (hereinafter "Plaintiff"), whose business address is:
    10 North High Street, West Chester, PA 19380. Plaintiff may be served with notice
    through its attorneys of record, Javitch Block LLC, at 275 W. Campbell Road,
    Suite 312, Richardson, Texas 75080. Plaintiff hereby consents to service by email
    at dal@jbllc.com.

2.  Defendant is:

    Amer S Gilani
    AKA Amer Gilani

    (hereinafter "Defendant"), who may be served at: 3710 Norman Loop, Round
    Rock, TX 78664, or wherever they may be found.

*Q--1728696SUT-1*

1728696 PLB

JBLLC 019

## II. DISCOVERY-CONTROL PLAN

3.     Plaintiff intends that discovery will be conducted under Level 1 and affirmatively pleads that this suit is governed by the expedited actions process in Texas Rule of Civil Procedure 169.

## III. SPECIFIC STATEMENT OF RELIEF

4.     Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.

## IV. JURISDICTION AND VENUE

5.     This lawsuit arises out of Defendant's failure to comply with the terms of contract, either oral or written and all or a substantial part of the events or omissions giving rise to this action occurred in and/or were performable in Williamson County, Texas. Furthermore, Defendant is a resident of Williamson County, Texas, consequently venue is proper in this court pursuant to Chapter 15 of the Texas Civil Practices and Remedies Code.

6.     The amount in controversy does not exceed $100,000, exclusive of interest and therefore is within the jurisdictional limits of this Court.

## V. FACTUAL BACKGROUND

7.     On or about August 14, 2003, in the usual course of business, the parties entered into a written contract, which is attached hereto and labeled as "Exhibit A".

8.     On March 12, 2019, Plaintiff charged off the remaining balance due by Defendant in the amount of $15,062.88. On or about March 29, 2015, Defendant has ceased making payments and thus defaulted on the obligations as stated in the contract.

## VI. CAUSE OF ACTION/BREACH OF CONTRACT

9.     Plaintiff incorporates paragraphs 1 through 8 by reference as if fully set forth herein.

10.    Defendant entered into a valid and enforceable contract with Plaintiff upon execution of the aformentioned contract. A true and correct copy of said contract is attached hereto as "Exhibit A", and fully incorporated herein.

11.     Defendant breached the contract when they defaulted on the obligation to make the requisite payments to Plaintiff on the amount stated within the contract.

12.     Defendant's breach caused injury to Plaintiff because Plaintiff charged off the entire balance due as an economic loss.

13.     Plaintiff now seeks liquidated damages within the jurisdictional limits of this Court in the amount of $15,104.21.

## VII. CONDITIONS PRECEDENT

14.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that judgment be granted in favor of Plaintiff for the following:

a. Actual damages in the amount of $15,104.21 which consists of a combined principal amount of $15,062.88 and accrued Pre-Judgment interest of $41.33 all now due and owing;

b. Post-Judgment interest at the statutory rate, in lieu of any additional contract interest; and

c. costs of court.

Respectfully Submitted,

*/s/ Jacob Figelman*

X
Jacob M. Figelman, #24095682
Eric S. Peterson, #24107156
Kaitlin Palmarozzi, #24098217
Saundra (Sam) Meyer, #24100319
Joshua L. Booker, #24082706
Javitch Block LLC
275 W. Campbell, Suite 312
Richardson, TX 75080
(214) 383-9088
DAL@jbllc.com
Fax: (214) 383-5890

REMOTE APPLICATION

# ■■access group.
## Application and Loan Agreement for Access Group® Private Loan Programs

Access Group, Inc.
P.O. Box 17162
Wilmington, DE 19850-7162

**P**
P.03.A

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties that may include fines or imprisonment under the United States Criminal Code.

## Borrower Information (Please complete all information in this section. If all information is not completed in full, processing of your Application and Loan Agreement may be delayed.)

| | |
|---|---|
| 1. Borrower Last Name GILANI | Borrower First Name AMER | Borrower Middle Initial |
| 2. Borrower Social Security Number | |

3. Borrower Date of Birth (MM/DD/YYYY)

4. Driver's License Number (List two-letter state abbreviation first.)
State: TX    Number:

5. Citizenship status: (Check one.)  U.S. Citizen, National, or Eligible Noncitizen [XX]   International Student* *See Instructions.

6. Permanent U.S. Address (Neither an address outside the U.S. or U.S. Territories nor a P.O. Box is acceptable.)
Street 12820 N. LAMAR BLVD   #1927   City AUSTIN   State TX   Zip Code 78753

7. Home Telephone Number (

8. Current Mailing Address (An address outside the U.S. or U.S. Territories is not acceptable.) If same as Permanent Address, write "same as above."
Street 12820 N. LAMAR BLVD   #1927   City AUSTIN   State TX   Zip Code 78753

9. Current Telephone Number (

10. E-mail Address

11. Personal References (Two separate adult references with different U.S. addresses are required – P.O. Boxes not accepted. Both references must be completed fully.)
A. Name SAMI   CHOUHAN
   Address (Permanent) 133 LAMAR BLVD
   City AUSTIN   State TX   Zip 78753
   Telephone Number (

B. Name ARIF   KHAN
   Address (Permanent) 6134 SUGAR LAKES
   City SUGAR LAND   State TX   Zip 77083
   Telephone Number

12. Loan Amount Requested
$ 18,000.00 .00

13. Are you also the student for whom this loan is requested?   Yes [XX]   No [ ]
If yes, skip fields 14 and 15.   I am the student.   I am the sponsor.

14. Current Employer Information
Company Name S & B Infra. Inc.   Telephone Number
Address 1421 Wells Branch Parkway, Bldg 2
City AUSTIN   State TX   Zip Code 78660

15. Gross Monthly Income
(You do not have to reveal alimony, child support, or separate maintenance income unless you wish it to be considered as a basis for evaluation this application.)
$ .00

## Borrower Request for Loan, Promise to Pay, and Signature

**PLEASE READ YOUR IMPORTANT NOTICES AND BORROWER CERTIFICATION, AND THE STATEMENT OF LOAN TERMS AND CONDITIONS IN THEIR ENTIRETY BEFORE SIGNING.**

I request a loan from National City Bank (the "Lender") in the amount set forth as the "Loan Amount Requested" in field 12 above, under the loan program for which you determine me to be eligible based on the information I have provided (enrollment status, program of study, and citizenship status) in this Application and Loan Agreement (the "Application"). I have read and understand the Borrower Certification, the Important Notices, and the applicable Statement of Loan Terms and Conditions (the "Statement") which accompany (and are incorporated by this reference into) this Application. I declare under penalty of perjury that each of the statements in this Application and in the Borrower Certification is true, correct and complete. I agree to be bound by the Borrower Certification and by each of the terms and conditions of the Statement of Terms. I understand that the amount and certain other terms of my loan will be described to me in a separate Disclosure Statement. I promise to pay, to the order of the Lender, the principal sum advanced to me or paid on my behalf, together with interest thereon and all other amounts provided for in the Statement of Terms. If you sign this documentation in Wisconsin: Notice to Customer (a) Do not sign this before you read the Important Notices and Borrower Certification and the accompanying Statement of Loan Terms and Conditions, even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.
**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

16. Signature of Borrower    17. Date 8-14-03

## Student Information (If the borrower is also the student, skip fields 18, 19, and 20. If the borrower is not the student, the student must complete all fields.)

18. Student Last Name GILANI   Student First Name AMER   Student Middle Initial

19. Student Social Security Number

20. Student Date of Birth (MM/DD/YYYY)

21. School Name UNIVERSITY OF TEXAS AT AUSTIN   GRADUATE SCHOOL OF BUS.

22. Enrollment period for which loan is requested (MM/YYYY)
From: 08/31/200   To: 05/31/2004

23. Enrollment Status   At least half time [XX]   Less than half time [ ]

24. Check only one box to indicate the program for which you will be enrolled. List program of study code where requested. See instructions.
Dental [ ]   Law [ ]   Graduate Health [ ] _____ (Program Code)   Continuing Education/Certificate Program [ ] _____ (Program Code)
Graduate Business/MBA [XX]   Medical [ ]   Other Graduate/Professional [ ] _____ (Program Code)   Undergraduate [ ] _____ (Program Code)

I authorize Access Group or any educational institution that I may attend to release to the Lender, subsequent holder, or their agents, and to the borrower identified on this application, any information pertinent to this loan (including information requested on this application as well as future information about my enrollment status). If this loan (or any part thereof) is canceled, I agree to return any funds (or applicable part thereof) that have been disbursed to me.

25. Signature of Student    26. Date 8-14-03

## School Certification Section (To be completed by an authorized school official.)

27. School Name UNIVERSITY OF TEXAS AT AUSTIN   GRADUATE SCHOOL OF BUS.

28. DOE School Code 003658   DOE Branch Code   29. Grade Level

30. Loan Period (MM/DD/YYYY)   31. Anticipated Graduation Date (MM/DD/YYYY)   32. Certified Private Loan Amount

33. Check only one box to indicate the program of study in which the student will be enrolled. If necessary, see School Certification instructions.
Dental [ ]   Law [ ]   Graduate Health [ ]   Continuing Education/Certificate Program [ ]
Graduate Business/MBA [ ]   Medical [ ]   Other Graduate/Professional [ ]   Undergraduate [ ]

34. Recommended Disbursement Date(s) (MM/DD/YYYY)
1st    2nd    3rd    4th

35. Recommended Disbursement Amount(s)
1st $    2nd $ .00   3rd $ .00   4th $ .00

My signature certifies that I am an authorized official of the institution listed in field 27 and I have read and agree to the "School Certification" and, based upon the records available to the institution listed in field 27, the information provided above is true and accurate to the best of my knowledge and belief.

36. Signature of Authorized School Official    37. Date

**EXHIBIT A**

© 2002 Access Group, Inc. (Revised 3/2003.)    LENDER COPY    Access Group and the mortarboard logo are registered trademarks of Access Group, Inc.

# Important Notices and Borrower Certification

**Criminal Penalties 18 U.S.C. §1014**
Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of … any institution the accounts of which are insured by the Federal Deposit Insurance Corporation …, upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1 million or imprisoned not more than 30 years, or both.

**Borrower Authorization**
I authorize the Lender and Access Group, Inc. to investigate my creditworthiness and to obtain information from others concerning my credit standing and other relevant information affecting this application. I authorize the Lender or other subsequent holder of my loan and Access Group, Inc. to provide to others information about my loan and the Lender's (or subsequent holder's or Access Group, Inc.'s) experiences with me. I acknowledge and agree that the school referenced on the Application and Loan Agreement may receive a copy of this Application and Loan Agreement. Except as otherwise prohibited by law, I agree and consent that the Lender may share with its respective affiliates all information about me for the purposes, among other things, of evaluating credit applications or offering products and services that it believes may be of interest to me. Under the Fair Credit Reporting Act there is certain credit information about me that cannot be shared by the Lender with its affiliates if I send a written instruction containing my name, address, account number, and Social Security number addressed as follows:  National City Bank, P. O. Box 94985, Cleveland, Ohio 44101-4985.

**If you sign the Application and Loan Agreement in California:**
A married applicant may apply for a separate account.  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

If we take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, you have the right to obtain within 60 days a free copy of your consumer credit report from the consumer reporting agency who furnished us your consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.  You have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**If you sign the Application and Loan Agreement in Iowa (This is a consumer credit transaction), Nebraska, or Kansas:**
Notice to Consumer:

1. Do not sign this paper (agreement) before you read it. 2. You are entitled to a copy of this paper (agreement).  3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**If you sign the Application and Loan Agreement in Iowa and the principal amount of this Loan exceeds $20,000: IMPORTANT: READ BEFORE SIGNING.  THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE.  NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED.  YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

**If you sign the Application and Loan Agreement in Rhode Island:**
A consumer report may be requested in connection with this application.

**If you sign the Application and Loan Agreement in Maryland:**
We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. §85 and related regulations and opinions, which we expressly reserve.

**If you sign the Application and Loan Agreement in New York:**
A consumer report may be requested in connection with this application.  Upon your request, you will be informed whether or not a consumer report was requested, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report.  Subsequent consumer reports may be requested or utilized in connection with an update, renewal or extension of the credit for which application was made.

**If you sign the Application and Loan Agreement in Ohio:**
The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request.  The Ohio civil rights commission administers compliance with this law.

**If you sign the Application and Loan Agreement in Pennsylvania:**
You intend to be legally bound by this Application and Loan Agreement and the Statement of Loan Terms and Conditions.

**If you sign the Application and Loan Agreement in Utah:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**If you sign the Application and Loan Agreement in Vermont:**
You authorize National City to obtain credit reports about you now and in the future for all legitimate purposes associated with this application or the account including, but not limited to: (a) evaluating the application; and (b) renewing, reviewing, modifying, and taking collection action on your account.

Your consent is required before we can share certain credit information about you with our affiliates.  We are permitted to share information which is not a credit report under Vermont law without your consent, such as information related solely to our transactions and experiences with you.

**If you sign the Application and Loan Agreement in Wisconsin:**
For married Wisconsin residents, your signature confirms that this loan obligation is being incurred in the interest of your marriage or family.  No provision of a marital property agreement, a unilateral statement under Section 766.59 of the Wisconsin Statutes or a court decree under Section 766.70 of the Wisconsin Statutes adversely affects the interests of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

**Borrower Certification**
I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.  I, the borrower, certify that the information contained in my Application and Loan Agreement for a loan under the Access Group® loan programs is true, complete, and correct to the best of my knowledge and belief and is made in good faith.  At my lender's option, I authorize the lender to make my loan check payable to the student on whose behalf the loan is to be extended (which in the case of a non-student borrower is the person identified in fields 18 and 19 of my Application and Loan Agreement, and in the case of a student borrower is me) and mail it to such student's school, to mail a master check to such student's school, or to electronically transfer loan funds to such student's account at such student's school, and, in the case of an Electronic Funds Transfer or master check, if I am a borrower who is not the student, I further authorize the lender and the school to distribute to the student any loan funds in excess of the amount owed or payable by such student to the school during the applicable academic period.  IF I AM A BORROWER WHO IS NOT ALSO THE STUDENT, I UNDERSTAND AND AGREE THAT NO AMOUNTS WILL BE PAYABLE TO ME EITHER BY CHECK OR ELECTRONIC TRANSFER.  I authorize any educational institution that such student may attend, the guarantor, or Access Group, Inc. to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to my loan (e.g., employment, enrollment status, prior loan history, current address).  I authorize my lender, subsequent holder, Access Group, Inc., or their agents to advise such student's educational institution of the status of my Application and Loan Agreement or of my loan. I also authorize the lender, subsequent holder, educational institution, the guarantor, Access Group, Inc., or their agents to make inquiries to or respond to inquiries from subsequent lenders or holders with respect to my Application and Loan Agreement and related documents. I also authorize the lender, subsequent holder, guarantor, or their agents to release information and make inquiries to the persons I have listed in my Application and Loan Agreement as references, for the purpose of learning my current address and telephone number. I also authorize the lender, subsequent holder, the guarantor, Access Group, Inc., or their agents to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of my loan will be used for educational purposes for the academic period stated in my Application and Loan Agreement at the educational institution named on my Application and Loan Agreement. I understand that I am responsible for repaying immediately any funds that I or the student receive which are not to be used or are not used for educational expenses related to attendance at the institution stated for the loan period stated. I certify that I have not filed for bankruptcy in the past seven years.  I certify that I am not now in default on any loan received under the Federal Direct Loan Program or the Federal Family Education Loan Program, or other education loan.

# Student Borrowers – Statement of Loan Terms and Conditions for Access Group® Private Loan Programs

This Statement of Loan Terms and Conditions applies to, and is a part of, my Application and Loan Agreement. My signature on the Application and Loan Agreement certifies that I have read, understand, and agree to these Loan Terms and Conditions. In this Statement of Loan Terms and Conditions the words "I," "me," "my," and "mine" mean the borrower identified on the Application and Loan Agreement. If a cosigner is identified on the Application and Loan Agreement, the words "I," "me," "my," and "mine" mean the borrower and the cosigner, jointly and severally, except that references to my school, graduation or enrollment, program of study, citizenship, or participation in residency or postdoctoral programs, and references to loan funds being lent, advanced, mailed, or otherwise disbursed to me, for me, or on my behalf, refer only to the student borrower. "You," "your," and "yours" mean National City Bank, 1900 East Ninth Street, Cleveland, Ohio 44114-3484, or its successors and assigns, and any subsequent holder of my loan.

## A. PROMISE TO PAY
Intending to be legally bound, I promise to pay to your order under the provisions set forth in this Statement of Loan Terms and Conditions all of the principal sum advanced to me or paid on my behalf, and as set out below, interest on such principal sum, interest on any unpaid accrued interest added to the principal balance, a loan fee, if any, as set out below (which shall be added to the principal balance as described below), late charges, and, in the event of default, and to the extent permitted by applicable law, costs of collection and reasonable attorneys' fees.

## B. IMPORTANT - READ THIS INFORMATION CAREFULLY
1. When you receive my signed Application and Loan Agreement, you are not agreeing to lend me money. If you decide to make a loan to me, you will, in your sole discretion, mail a loan check to me, or mail a loan check or master check or electronically transfer the loan funds to my school for me. You have the right to not make a loan or to lend an amount less than the "Loan Amount Requested" in my Application and Loan Agreement. The amount of the loan will not exceed the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.
2. After you agree to make a loan to me, you will send me (and my cosigner, if applicable) a Disclosure Statement. In addition to other information, the Disclosure Statement will tell me the amounts of my disbursements, the loan fee percentage assessed, and the index and margin used in calculating the interest rate for my loan.
3. I will review my Disclosure Statement upon receiving it and will contact you within three business days if I have any questions. If I am not satisfied (or if my cosigner, if applicable, is not satisfied) with the terms of my loan as approved, I (or my cosigner, if applicable) may cancel my loan and any disbursements. To cancel, I (or my cosigner, if applicable) must contact you in writing within three business days of receiving the Disclosure Statement and must notify my school. If I or my cosigner cancel the loan, I agree to not endorse any loan check, and to return to my school any and all funds received by me, and I agree that such non-endorsement and return of funds will be a condition to the effective cancellation of the loan.

## C. DEFINITIONS
1. "Access Group Program" means the particular loan program (i.e., Law Access®, Bar Examination Loan, Business Access®, Graduate Access®, Health Access®, Medical Access®, Medical Residency Loan, Dental Access®, Dental Residency/Dental Board Examination Loan, Comprehensive Access® or Optimum® Loan) for which you have determined that I am eligible, based upon my program of study, enrollment status, and citizenship, as shown on my Application and Loan Agreement.
2. "Disbursement Date" means the date on which you lend money to me in consideration for my Application and Loan Agreement, which date will be the date shown on my loan check, the date the loan funds are electronically transferred to my school or the date on which any master check is mailed to my school.
3. "Interim Period" means the period beginning on the initial Disbursement Date and ending on (a) if my Access Group Program is the Law Access®, Graduate Access®, Health Access®, or Business Access® program, the date which is nine months after I graduate or otherwise cease to be enrolled at least half-time at the school named on my Application and Loan Agreement or any other school participating in my Access Group Program, (b) if my Access Group Program is the Medical Access® or Medical Residency Loan program, the date which is nine months after the date I graduate or otherwise cease to be enrolled at least half-time at the medical school named on my Application and Loan Agreement or any other medical school participating in the Medical Access® program, unless on such date I am participating in a required residency program, in which event the "Interim Period" will end on the date which is nine months after the date I complete or otherwise cease to participate in such residency program, but in no event later than 57 months after the date I graduate from medical school (I will be considered to be participating in a required residency program only if I have sent

you a certification from the director of such program as to my participation), (c) if my Access Group Program is the Bar Examination Loan program, the date which is nine months after the date my law school indicated on my Application and Loan Agreement to be my anticipated or actual graduation date, (d) if my Access Group Program is the Dental Access® or Dental Residency/Dental Board Examination Loan program, the date which is nine months after the date I graduate or otherwise cease to be enrolled at least half-time at the dental school named on my Application and Loan Agreement or at any other dental school participating in the Dental Access® program, unless on such date I am participating in a required residency or postdoctoral program, in which event the "Interim Period" will end on the date which is nine months after the date I complete or otherwise cease to participate in such residency or postdoctoral program, but in no event later than 45 months after the date I graduate from dental school (I will be considered to be participating in a required residency or postdoctoral program only if I have sent you a certification from the director of such program as to my participation), or (e) if my Access Group Program is the Comprehensive Access® program or the Optimum® Loan program, the earlier of (i) the date which is nine months after I graduate, or otherwise cease to be enrolled, at the school named on my Application and Loan Agreement or any other school participating in the Access Group® loan programs or (ii) the date which is ten years after the disbursement date for my first Comprehensive Access® Loan or Optimum® Loan.
4. "Repayment Period" means the period beginning on the day after the Interim Period ends and continuing for no more than 240 months. I recognize that the beginning date of the Repayment Period may be earlier than the date on which I am asked to make my first payment according to the periodic statements described in Paragraph E.2.

## D. INTEREST
1. **Accrual** - Interest on my loan will accrue at the Variable Rate. Interest begins to accrue on the Disbursement Date and will continue to accrue on the unpaid balance until paid in full. Interest will accrue on the unpaid principal sum to the extent it is advanced to me or paid on my behalf, and on unpaid accrued interest and the loan fee added to the principal balance in accordance with Paragraphs D.3 and G. Interest will be calculated on the basis of the actual number of days in the year and the actual number of days elapsed. If I do not pay interest to you during the Interim Period, you may at your option add such interest to the principal balance of the loan in accordance with Paragraph D.3.
2. **Variable Rate** - The Variable Rate is equal to the Current Index, plus a margin ranging from 1.45% per annum to 4.30% per annum, depending on my credit history, my Access Group Program, and the availability of special loan programs at the school I attend, as identified in my Application and Loan Agreement, and my payment performance with respect to my loan. The margin applicable to my loan, as well as the basis upon which and the amount by which the margin applicable to my loan may be increased or decreased as a result of my payment performance, will be identified in my Disclosure Statement. In no event shall the Variable Rate be more than 25% per annum. The Variable Rate will change quarterly on the first day of each January, April, July, and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is the three-month London Interbank Offered Rate (LIBOR) on the last business day of the second month of the prior calendar quarter, as reported in *The Wall Street Journal*. If the Current Index is no longer available, you will choose, in your sole discretion, a comparable substitute.
3. **Capitalization** - You may, at your option, add all accrued and unpaid interest on my loan to the principal balance of the loan on the last day of the Interim Period. If my loan is the Comprehensive Access® Loan or Optimum® Loan, you may, at your option, add all accrued and unpaid interest on my loan to the principal balance of the loan five years after the date of the first disbursement of my Comprehensive Access® Loan or Optimum® Loan (if my loan has not yet entered repayment at that time), and again when my loan enters repayment.

## E. TERMS OF REPAYMENT
1. Interim Period - During the Interim Period you will send me quarterly statements showing my loan disbursements and the interest that accrues on my loan. Statements will be sent to the address shown on your records, as provided in Paragraph L. The quarterly statements will cover periods beginning on the initial Disbursement Date and thereafter on the first day of each January, April, July, and October. I may, but am not required to, make payments of interest or principal during the Interim Period. You may add any interest that I do not pay during the Interim Period to the principal balance, as described in Paragraph D.3.
2. Repayment Period - During the Repayment Period you will send me periodic statements on my loan. The periodic statements will cover periods beginning on the first day of the Repayment Period and on the same day of each following month. I will make consecutive monthly payments in the amounts and on the

*Continued on page 5.*

# Student Borrowers – Statement of Loan Terms and Conditions for Access Group® Private Loan Programs

*Continued from page 4.*

payment due dates shown on my periodic statements until I have paid all of the principal and interest and any other charges I may owe on my loan, as described in this Statement of Loan Terms and Conditions.

3. Repayment Terms - The amounts shown on my periodic statements will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including capitalized interest and loan fee, if any) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.

4. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such case you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

5. Minimum Repayment - Notwithstanding Paragraph E.3, I agree to pay at least $50 each month (principal and interest) during the Repayment Period or the unpaid balance, whichever is less. I understand that this may result in my loan being paid off in less than 240 months.

6. My obligation to repay my loan shall remain in force if I become totally and permanently disabled or die.

## F. LATE CHARGES

I will pay a late charge of $25.00 if I fail to make any part of an installment payment within 15 days after it becomes due. I will pay only one late charge for an installment payment, regardless of the number of days it is late.

## G. FINANCE CHARGE

I will pay a loan fee not to exceed 6% of an amount (the "Capitalized Amount") equal to the original principal balance of my loan plus the interest that has accrued thereon through the last day of the Interim Period or, if earlier, the day on which I otherwise prepay my loan in full. The loan fee percentage to be applied to my Capitalized Amount will be identified on my Disclosure Statement and will be 0%, 3%, or 6%. The loan fee will be payable on the last day of the Interim Period or, if earlier, the day on which I otherwise prepay my loan in full. I agree that you can add the amount of the loan fee to the outstanding balance of my loan. I will not be entitled to any refund of the loan fee.

## H. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, either before or after the end of the Interim Period, I will still pay the loan fee described in Paragraph G. above. If I otherwise prepay my loan in its entirety prior to the last day of the Interim Period, and I have not already paid the loan fee, I agree to pay the loan fee when you bill me for it.

## I. FORBEARANCE

If I am unable to repay my loan in accordance with the terms established under Paragraph E. of this Statement of Loan Terms and Conditions, I may request that you modify these terms. I understand that such modification would be at your option. I understand that interest will continue to accrue during any period of forbearance and that I will remain responsible for payment of such interest.

## J. WHOLE LOAN DUE

To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you as described in this Statement of Loan Terms and Conditions, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if:

1. I fail to make any monthly payment to you when due; or

2. I break any of my other promises in my Application and Loan Agreement (including this Statement of Loan Terms and Conditions); or

3. I die; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or

5. I make any false written statement in applying for my loan or at any time during the Interim or Repayment Periods. Your right to treat such false statements as a default is in addition to, and not in lieu of, any other remedies you have at law or in equity.

If I default, I will be required to pay interest on my loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default.

## K. COLLECTION COSTS

I agree to pay you reasonable amounts permitted by applicable law, including reasonable attorneys' fees for any attorneys who are not your regular salaried employees and court and other collection costs, which you, or any agent of yours, incur in enforcing the terms of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions).

## L. NOTICES

1. I will send written notice to you within ten days after any change in my name, address, e-mail address, telephone number, school enrollment status, or residency or postdoctoral program participation.

2. Any notice required to be given to me by you will be effective (and deemed received) when mailed by first class mail to the latest address you have for me.

## M. ADDITIONAL AGREEMENTS

1. The proceeds of my loan will be used (a) if my Access Group Program is the Law Access®, Business Access®, Graduate Access®, Health Access®, Medical Access®, Dental Access®, Comprehensive Access® Loan program or Optimum® Loan program, only for my educational expenses at the school identified in my Application and Loan Agreement, (b) if my Access Group Program is the Bar Examination Loan program, only for my educational expenses in conjunction with the Bar Examination, (c) if my Access Group Program is the Medical Residency Loan program, only for my educational expenses in conjunction with a required residency program, or (d) if my Access Group Program is the Dental Residency/Dental Board Examination Loan program, only for my educational expenses associated with the costs of a required dental residency, dental board examination, or postdoctoral program.

2. My responsibility for paying my loan is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under my Application and Loan Agreement (including this Statement of Loan Terms and Conditions), you may accept (a) late payments, or (b) partial payments. I will not send you any partial payments marked "paid in full," "without recourse" or with similar language unless those payments are marked for "special handling" and sent to: Access Group, P.O. Box 7400, Wilmington, DE 19803-0400. You may delay, or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present my Application and Loan Agreement to me for payment or make protest of nonpayment to me before suing to collect on my loan if I am in default, and, to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions.

3. You are located in Ohio. My Application and Loan Agreement will be entered into in Ohio. Your decision on whether to lend me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF MY LOAN WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES. I agree that any suit I bring against you (or against any subsequent holder of my loan) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which such subsequent holder maintains its) principal place of business.

4. I may not assign my loan or any of its benefits or obligations. You may assign my loan at any time without my consent.

5. The terms and conditions set forth in my Application and Loan Agreement (including the Borrower Certification), this Statement of Loan Terms and Conditions, and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions) is held invalid or unenforceable, that provision shall be considered omitted from my Application and Loan Agreement without affecting the validity or enforceability of the remainder of my Application and Loan Agreement.

7. The Section headings of this Statement of Loan Terms and Conditions are a table of contents and not contract terms. In this Statement of Loan Terms and Conditions, acts or practices by you which are or may be permitted by "applicable law" are permitted by New Jersey law. In this Statement of Loan Terms and Conditions, acts or practices that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

8. A provision of my Application and Loan Agreement (including this Statement of Loan Terms and Conditions) may be modified only if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of my Application and Loan Agreement.

9. I acknowledge my loan is an education loan and that the Access Group® loan programs are funded in part by a nonprofit institution, and that my loan is therefore subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code.