# EXHIBIT C

# Michael Slodov

| | |
|---|---|
| **From:** | Michael Slodov |
| **Sent:** | Wednesday, September 4, 2019 12:05 PM |
| **To:** | tylerhickle@hicklelegal.com |
| **Subject:** | Re: Gilani v Javitch Block LLC 1:19-cv-00827-LY |

Tyler -

While I may be wrong, it appears to me that this claim is not time-barred for at least two reasons.

First, the claim against your client concerns a promissory note governed by a six year statute. Tex. Bus. & Com. Code Ann. § 3.118.

Second, see page JBLLC 018, showing last payment date of 9/15/16; see also page JBLLC0025, electing Ohio law to govern.

Texas courts would apply Texas choice of law rules to identify law governing this obligation for determining the effect of partial payments. *Butler v. Merchants National Bank of Mobile*, 325 S.W.2d 229, 231 (Civ.App.1959), *Bott v. Am. Hydrocarbon Corp.*, 441 F.2d 896, 900 (5th Cir. 1971), and *Citibank, Nat. Ass'n v. London*, 526 F. Supp. 793, 805 (S.D. Tex. 1981).

Under Ohio R.C. 2305.08, partial payments extend the statute of limitations "after such payment, acknowledgment, or promise."

So, measured under the four year limit of Civil Practice & Remedies Code § 16.004, the bar date must be measured from the last payment date and extends to 9/14/20; thus, the complaint filed August 26, 2019 is not untimely.


Michael D. Slodov, Esq.
Javitch Block LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
866.881.2400 ext. 2781
direct -440.318.1073 | fax -216.685.3039
mslodov@jbllc.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

**From:** tylerhickle@hicklelegal.com <tylerhickle@hicklelegal.com>
**Sent:** Wednesday, September 4, 2019 11:11 AM
**To:** Michael Slodov
**Subject:** RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY

Mr. Slodov,

Please call me Tyler.

Thank you for providing these documents. I have no interest in pushing a losing case. I will get with my client and see what he has to say.

Something does jump out at me.

Paragraph 8 of the suit says the default date was March 29, 2015. If the lawsuit was filed August 26, 2019, does JB have a SOL problem? I'd have to amend or replead but that easily done.


---
Tyler Hickle
Phone: 512-289-3831
Fax:    512-870-9505
4005C Banister Lane
Ste. 120C
Austin, TX 78704
tylerhickle@hicklelegal.com


-------- Original Message --------
Subject: Re: Gilani v Javitch Block LLC 1:19-cv-00827-LY
From: Michael Slodov <MSlodov@JBandR.com>
Date: Wed, September 04, 2019 9:50 am
To: "tylerhickle@hicklelegal.com" <tylerhickle@hicklelegal.com>

Mr. Hickle -

Per our call this morning, see documents attached identified as JBLLC 001-025.

I was informed that the complaint, appearing at JBLLC 021-025, was filed August 26, 2019 in CCL#2, case no. 19-1287-C26.

Please confirm receipt.

Also, please review and advise how you wish to proceed.


Michael D. Slodov, Esq.
Javitch Block LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
866.881.2400 ext. 2781
direct -440.318.1073 | fax -216.685.3039
mslodov@jbllc.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

_____
From: Michael Slodov

Sent: Wednesday, September 4, 2019 9:22 AM
To: tylerhickle@hicklelegal.com
Subject: Gilani v Javitch Block LLC 1:19-cv-00827-LY

Mr. Hickle -

Following up on my call yesterday, please call me at your earliest convenience to discuss the above-matter, and the claim which is the subject of Exhibit 1 to your complaint.

Michael D. Slodov, Esq.
Javitch Block LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
866.881.2400 ext. 2781
direct -440.318.1073 | fax -216.685.3039
mslodov@jbllc.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Javitch, Block LLC is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. The information in this e-mail and in any attachments hereto is private, confidential and intended solely for the attention and use of the addressee(s); it constitutes a communication from a debt collector; federal law prohibits interception, unauthorized disclosure, use, and access to this communication; disclosure of the contents, substance, purport, or meaning of this communication to any person without the sender or intended addressee's permission is expressly prohibited. If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.