# Exhibit 1

# Civil, Family & Probate Case Records Search Results

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search    Location : All Courts   Help

**Record Count:** 1
**Search By:** Party   **Party Search Mode:** Business Name   **Last Name:** access group*   **All** All   **Sort By:** Filed Date

| Case Number | Style | Filed/Location | Type/Status |
|---|---|---|---|
| 19-1287-C26 | Access Group Inc vs. Amer S.Gilani aka Amer Gilani | 08/26/2019 | Debt/Contract - Debt/Contract Filed |

# Exhibit 2

UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| AMER GILANI, | § § § | |
| Plaintiff | § § | CASE NUMBER: 1:19-cv-00827-JRN |
| v. | § § § | |
| JAVITCH BLOCK LLC | § § | |
| Defendant. | § § | |

DECLARATION OF TYLER HICKLE

"My name is Tyler Hickle. I am the lawyer for Amer Gilani who is the Plaintiff in this case. The facts in this declaration are true and correct and are within my personal knowledge.

It is my policy and procedure never to request initial disclosures, unless the response is overdue. I would not appreciate being hounded for early responses and I afford the same courtesy to opposing counsel. I can recall no instance, including this case, where I have ever asked for initial disclosures before the deadline. While I appreciated the early production of Javitch's initial disclosures, I did not request them.

I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED ON NOVEMBER 14, 2019

_____
TYLER HICKLE

1

# Exhibit 3

Print | Close Window

**Subject:** Re: Gilani v Javitch Block LLC 1:19-cv-00827-LY
**From:** Michael Slodov <MSlodov@JBandR.com>
**Date:** Mon, Sep 09, 2019 9:04 am
**To:** "tylerhickle@hicklelegal.com" <tylerhickle@hicklelegal.com>

Tyler -

I know that the first time we spoke, you said that your client did not tell you much about this obligation beyond that it wasn't owed.

What does your client have to say about the loan obligation, payment history and amount claimed?

Has your client authorized you to make a settlement demand?

As the records I already provided clearly show your client owed the amount claimed ($15,104.21, or $15062.88, plus $41.33); $13,400 was disbursed per the disclosure statement incorporated by reference into the application and loan agreement. JBLLC 001, 005.

As to your new theory that this debt was time barred when the suit was filed against your client on August 26, 2019 in CCL#2, case no. 19-1287-C26, first, as to your question below, the records looks to me like your client made six partial payments totaling $317.44 to the agency named TSI (which I believe stands for Transworld Systems Inc.) between 3/31/16 and 9/15/16. JBLLC 018.

As to your comments about the promissory note statute of limitations, it appears you believe the obligation does not amount to a negotiable instrument under UCC 3-104.

My view is that the appropriate forum for resolving your statute of limitations questions is the state court where the action was filed.

Please advise if you are representing Mr. Gilani with respect to the state court action and/or this obligation, and whether you are willing to accept service of process on his behalf.

Perhaps we could agree to stay this litigation until the state court action is resolved, in order to conserve judicial resources. See African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 797 (5th Cir. 2014) (discussing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976)).

Michael D. Slodov, Esq.
Javitch Block LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
866.881.2400 ext. 2781
direct -440.318.1073 | fax -216.685.3039
mslodov@jbllc.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

From: tylerhickle@hicklelegal.com <tylerhickle@hicklelegal.com>
Sent: Friday, September 6, 2019 12:10 PM
To: Michael Slodov
Subject: RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY

Respectfully, promissory notes aren't so simple. And who says JB003 is part of the "promissory note"?

All I see is an application for $18,000 with no specified interest rate or payment schedule. And I'm pretty sure $18,000 wasn't loaned.

Plus paragraph 8 of the lawsuit isn't doing J&B any favors. Did Gilani cease making payments on 3-29-15 or did he continue making

# Exhibit 4

Print | Close Window

**Subject:** RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY
**From:** Michael Slodov <MSlodov@JBandR.com>
**Date:** Wed, Sep 18, 2019 10:09 am
**To:** "tylerhickle@hicklelegal.com" <tylerhickle@hicklelegal.com>

Tyler –

I gave you the courtesy of evaluating my client's documentation two weeks ago to show you that Javitch's May 10, 2019 letter was accurate, and in the hopes of convincing you your threadbare FDCPA claim under 1692e(2) and TDCA claim have no merit, prior to engaging in any further litigation.

Apparently, you no longer contend that the amount claimed in Javitch's May 10, 2019 letter was inaccurate.

Instead, you now profess to have a new unpled theory of liability premised on the timeliness of the claim filed in state court on August 26, 2019, which likewise concerns facts not pled.

I provided you with citations and support for my position that the state court claim was timely filed.

You have not provided me with anything to support your contention below that you can't find evidence of payment from your client to TSI, whilst ignoring the documentation I sent you showing such payments were in fact made on your client's account, nor have you provided me with any citation of authority to support your position that the state court action was untimely.

If you have reviewed your client's bank or credit card records between March and November 2016, I ask that you provide me with copies.

If you have support for your legal conclusion that this obligation was not governed by the six year statute of limitations, please provide me with the citation of authority.

I asked you if you represent Mr. Gilani with respect to the state court action on the account, and you have not responded to my question.

I asked you if you will agree to stay this litigation pending the outcome of the state court action, and you have not responded to that question either.

I extended you an offer to resolve this litigation which you have rejected, and you have made no counter-demand.

The only ethical dilemma I see you in is subjecting yourself and/or your client to sanctions under Rule 11, 28 U.S.C. § 1927, and/or 15 U.S.C. 1692k(a)(3) for continuing to pursue an obviously frivolous complaint after being shown evidence that your client owes the amount claimed.

Let me know if you intend to file an amended complaint and by when.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Michael D. Slodov, Esq.

Javitch Block LLC

1100 Superior Ave., 19th Floor

Cleveland, Ohio 44114

216.623.0000 ext. 2781

Direct 440.318.1073

Fax 216.685.3039

Mslodov@jbllc.com<mailto:Mslodov@jbllc.com>


From: tylerhickle@hicklelegal.com [mailto:tylerhickle@hicklelegal.com]
Sent: Tuesday, September 17, 2019 3:57 PM
To: Michael Slodov <MSlodov@JBandR.com>
Subject: RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY


Michael,


The $900 settlement offer is rejected.


I have no settlement offer for you due to the potentially on going actual damages my client will sustain if he needs to defend the underlying lawsuit. The lawsuit, on its face, is time barred. I have performed my due diligence and I can't find any evidence of payments from Mr. Gilani to TSI.


This case is turning into quite a pickle and I'm going to have to do a little research because there are some uncommon ethical issues here.


---

Tyler Hickle

Phone: 512-289-3831

Fax: 512-870-9505

4005C Banister Lane

Ste. 120C

Austin, TX 78704

tylerhickle@hicklelegal.com<mailto:tylerhickle@hicklelegal.com>


-------- Original Message --------
Subject: RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY
From: <tylerhickle@hicklelegal.com><mailto:tylerhickle@hicklelegal.com>>
Date: Thu, September 12, 2019 3:55 pm

# Exhibit 5

**Print** | **Close Window**

**Subject:** Re: Gilani v Javitch Block LLC 1:19-cv-00827-LY
**From:** Michael Slodov <MSlodov@JBandR.com>
**Date:** Thu, Oct 10, 2019 9:27 am
**To:** "tylerhickle@hicklelegal.com" <tylerhickle@hicklelegal.com>

So are you going to be representing Mr. Gilani in the state court case?

Any interest in exploring whether we can resolve both?

Michael D. Slodov, Esq.
Javitch Block LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
866.881.2400 ext. 2781
direct -440.318.1073 | fax -216.685.3039
mslodov@jbllc.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

_____
From: tylerhickle@hicklelegal.com <tylerhickle@hicklelegal.com>
Sent: Thursday, October 10, 2019 10:19 AM
To: Michael Slodov
Subject: RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY

Michael,

May I see your proposed confidentiality clause?

The underlying state court case dwarfs this FDCPA case. I don't want to give up any weapon I can use in that fight. The whole tail-dog metaphor.

---
Tyler Hickle
Phone: 512-289-3831
Fax: 512-870-9505
4005C Banister Lane
Ste. 120C
Austin, TX 78704
tylerhickle@hicklelegal.com<mailto:tylerhickle@hicklelegal.com>


-------- Original Message --------
Subject: RE: Gilani v Javitch Block LLC 1:19-cv-00827-LY
From: Michael Slodov <MSlodov@JBandR.com><mailto:MSlodov@JBandR.com>>
Date: Wed, October 09, 2019 2:55 pm
To: "tylerhickle@hicklelegal.com<mailto:tylerhickle@hicklelegal.com>" <tylerhickle@hicklelegal.com>
<mailto:tylerhickle@hicklelegal.com>>

Tyler-

Thanks for sending the proposal below to resolve this case.

I have been authorized to counter-propose the following: Defendant will pay $1,500 in exchange for a complete release of all claims against Defendant, including any claims for costs and/or attorney's fees, up to the date of the release, including confidentiality, dismissal of the above action with prejudice at Plaintiff's cost, all subject to the terms of a mutually agreeable settlement agreement, which I will prepare.

Please advise.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.