IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
19 DEC -3 PM 1:59
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| AMER GILANI,<br>*Plaintiff* | § § § | |
| -vs- | § § | A-19-CV-00827-JRN |
| JAVITCH BLOCK, LLC,<br>*Defendant* | § § § § | |

### ORDER

Before the Court in the above-entitled and styled cause of action are Defendant's Second Motion to Dismiss for Failure to State a Claim (Dkt. 13); Plaintiff's Response (Dkt. 19); and Defendant's Reply (Dkt. 23). Plaintiff filed this action on August 21, 2019 and now alleges one cause of action: violation of the Fair Debt Collection Practices Act ("FDCPA") §1692e(2). *See* 15 U.S.C.A. § 1692e. That section bars, in relevant part, "[t]he false representation of [] the character, amount, or legal status of any debt." *Id.*

Defendant is a debt-collection company hired to collect a debt that Plaintiff allegedly owes. (Compl., Dkt. 1, at 2). Plaintiff asserts that information provided to Plaintiff's counsel in a September 4 email from Defendant's counsel constitutes a violation of §1692e, because it either contains the wrong date of default or attempts to collect a debt which is time-barred and judicially unenforceable. (Am. Compl., Dkt. 11, at 3). Defendant asks the court to dismiss the Plaintiff's complaints under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Having considered the relevant law and the parties' arguments, the Court will GRANT the Motion to Dismiss.

## I.   STANDARD OF REVIEW

Under the Fifth Circuit's strict standard of review for Rule 12(b)(6) motions, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 2019 WL 4458378, at *4 (5th Cir. Sept. 18, 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (1989). In determining whether claims survive a Rule 12(b)(6) motion to dismiss, the court may address its inquiry to the facts set forth in the complaint, documents attached to the complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Walker*, 2019 WL 4458378 at *4.

## II.   DISCUSSION

Plaintiff filed this cause of action on August 21, 2019 alleging violations of state and federal debt collection acts. (Compl., Dkt. 1, at 3). Defendant moved to dismiss, and, in response, Plaintiff filed an amended complaint, this time alleging only one violation of the FDCPA. (Am. Compl., Dkt. 11, at 3). That alleged violation stems from a September 4, 2019 email from Defendant's counsel which included a copy of a complaint in state court in Williamson County, Texas. *Id.* at 1–2. That complaint, which had been filed about a week prior, was part of an attempt to collect a $15,104.21 student loan debt from Plaintiff. *Id.* at 2. Specifically, the alleged FDCPA violation centers around Paragraph 8 of the state court complaint, which reads, "On or

about March 29, 2015, Defendant ceased making payments and thus defaulted on the obligations as stated in the contract." *Id.* Plaintiff asserts that either the date listed for the cessation of payments is wrong, constituting a "materially false statement" within the definitions of the FDCPA, or the state-court lawsuit was filed outside the appropriate statute of limitations, which would also be a violation. *Id.* at 3.

In its Motion, Defendant sets forth four theories under which Plaintiff's claim should be dismissed: (a) the September 4 email cannot be actionable because it was sent in response to a request from Plaintiff's counsel, and as part of initial disclosures; (b) the email was not a communication in connection with the collection of the debt; (c) the email did not contain a materially false, misleading, or deceptive statement; and (d) the email was not a violation because Plaintiff's counsel was aware of a hypothetical statute of limitations defense and the claim is not at risk from such a defense. (Mot. Dismiss, Dkt. 13, at 9–15).

The Court does not need to consider arguments subsequent to the first. The only communication complained of in this case was sent from Defendant's counsel to Plaintiff's counsel as part of initial disclosures in the case. Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose to opposing counsel, "without awaiting a discovery request" "all documents, electronically-stored information, and tangible things that the disclosing party has in its possession . . . and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A) *et seq*. The document complained of in Plaintiff's amended complaint was provided in accordance with Rule 26, along with several other documents. As Defendant explains, it was provided "to illuminate the meritless nature of Plaintiff's initial FDCPA and TDCA claims." (Mot. Dismiss, Dkt. 13, at 11).

However, regardless of Defendant's reasons for the disclosure, it is the majority view, and has previously been the view of the Western District of Texas, that "communications made by the collecting lawyer to a debtor's attorney are not actionable under the Act." *Meraz v. M. Susan Rice, P.C.*, 2009 WL 10669232, at *2 (W.D. Tex. May 15, 2009); *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007); *Kropelnicki v. Siegel*, 290 F.3d 118, 127–28 (2d Cir. 2002); *Hill v. Mut. Hosp. Serv., Inc.*, 454 F.Supp.2d 779, 782 (S.D. Ind. 2005); *Diesi v. Shapiro*, 330 F.Supp.2d 1002, 1004 (C.D. Ill. 2004); *Zaborac v. Phillips and Cohen Assocs., Ltd.*, 330 F.Supp.2d 962, 966–67 (N.D. Ill. 2004); *Tromba v. M.R.S. Assocs., Inc.*, 323 F.Supp.2d 424, 428 (E.D. N.Y. 2004); *but see Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232–33 (4th Cir. 2007).

Plaintiff argues that *Meraz* is distinguishable because Defendant here was simply using Plaintiff's counsel, who is honor-bound to relay the information to his client, as a means of conveying misleading information to Plaintiff. However, this argument overlooks the reasoning of *Meraz* and the courts which reach a similar conclusion. In explaining its conclusion, the court in *Meraz* said:

> The holdings in these cases turn on two basic principles. First, the purpose of the Act is to protect vulnerable and unsophisticated consumers from abusive, deceptive and unfair debt collection practices at the hands of debt collectors. *Guerrero*, 499 F.3d at 938. The consumer's attorney functions as an intermediary between the debt collector and the consumer whose duty it is to protect the consumer from a debt collector's fraudulent or harassing behavior. *Id.* at 938–39; *Kropelnicki*, 290 F.3d at 127–28. Therefore, the Act's purposes are not served by applying its strictures to attorney-to-attorney communications. Second, a consumer and his attorney are not one and the same for the purposes of the Act, which contains distinctions between these two entities. *Guerrero*, 499 F.3d at 935–36. The Act evinces a congressional understanding that "when it comes to debt collection matters, lawyers and their debtor clients will be treated differently." *Id.* at 935.

*Meraz*, 2009 WL 10669232, at *2.

Although the Fourth and Seventh Circuits have, to varying degrees, reached a different conclusion on the question,[1] the Court agrees with the ruling in *Meraz* that attorney-to-attorney communications fall outside the scope of the FDCPA.[2]

### III.  CONCLUSION

Because the Court finds that the sole communication complained of by the Plaintiff falls outside the scope of §1692e(2) of the Fair Debt Collection Practices Act, the Plaintiff has no cause of action under the FDCPA against Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Dismiss (Dkt. 13) is **GRANTED**.

SIGNED this 3RD day of December, 2019.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

---

[1] *See Sayyed*, 485 F.3d at 232–33 (finding that communication through a lawyer fits the statutory definition of "communication" as "the conveying of information . . . through any medium"); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (finding that communication through a lawyer may sometimes constitute a violation, but should be evaluated under a standard different from the "least sophisticated debtor" standard employed when the communication is directed to the consumer).

[2] Nothing in this holding should be understood to remove from the scope of the FDCPA pleadings filed during litigation. The Court agrees with the court in *Meraz* that pleadings are covered by the Act. *See Meraz*, 2009 WL 10669232 at *3.